Oscar S. WYATT, Jr., Petitioner,

v.

SHAW PLUMBING COMPANY, Respondent.

No. C–6801.

Supreme Court of Texas.

Oct. 26, 1988.

Rehearing Denied Dec. 14, 1988.

**246**

Ken Dahlbert, Wood & Burney, Corpus Christi, Tracy DuBose, DuBose & Short, Montgomery, Joe R. Greenhill and Larry F. York, Baker & Botts, Austin, for petitioner.

Richard J. Hatch, Prichard, Peeler, Hatch, Cartwright, Hall & Kratzig, Corpus Christi, for respondent.

## OPINION

RAY, Justice.

This case arises out of a dispute over the services provided by a plumbing contractor in the construction of a house in Duval County. The issue presented by this appeal involves a plea in abatement filed in a second suit in Nueces County when a prior suit was pending in Duval County. The court of appeals affirmed the Nueces County district court, holding that the decision to grant a plea in abatement was within the discretion of the Nueces County court and

there was no abuse of that discretion. 736 S.W.2d 763. We hold that the Nueces County district court was required to grant the plea in abatement because a previously filed suit between the parties was pending. We, therefore, reverse the judgment of the court of appeals and remand the cause to the Nueces County district court with instructions to vacate its judgment and abate all proceedings pending final disposition of the Duval County lawsuit, which was previously filed.

This controversy involves a suit between the parties in the district court of Duval County and another suit subsequently filed in the district court of Nueces County. Oscar Wyatt was building a house in Duval County. On Wyatt's behalf, Morgan Spear entered into an oral agreement with Shaw Plumbing Company for Shaw to perform work on the house. When Wyatt did not pay Shaw Plumbing for its services, Shaw made a written demand for payment. Following Shaw Plumbing's demand letter, Wyatt filed suit against Shaw in Duval County on February 7, 1983, alleging fraud and violation of the Deceptive Trade Practices Act.

On April 4, 1983, Shaw Plumbing filed a breach of contract suit against Wyatt and Spear in Nueces County to recover for its services. Wyatt filed a plea in abatement in the Nueces County suit based upon the pendency of the previously filed Duval County suit. The Nueces County district court signed an order denying Wyatt's plea in abatement on June 15, 1984. On February 13, 1986, Wyatt filed a second plea in abatement in Nueces County after he agreed to indemnify Spear for any claims against Spear by Shaw Plumbing. The Nueces County district court again denied the plea. Prior to the trial in Nueces County, the trial judge struck Wyatt's pleadings as a sanction for alleged discovery abuse. Judgment was rendered against Wyatt following a jury trial in Nueces County.

It has long been the policy of the courts and the legislature of this state to avoid a multiplicity of lawsuits. The need for judicial economy has recently become more acute because the dockets of our trial

courts are overburdened, and litigants must wait far too long for their cases to be heard. In keeping with the policy to avoid multiple lawsuits, Texas Rule of Civil Procedure 97(a) was promulgated. This rule regarding compulsory counterclaims dictates that a pleading shall assert a counterclaim if it meets six elements. A counterclaim is compulsory if: (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *See* Tex.R.Civ.P. 97(a), (d); *see also* 2 R. McDonald, *Texas Civil Practice in District and County Courts* § 7.49, at 253–54 (rev.1982). If a claim meets these elements, it must be asserted in the initial action. A defendant's failure to assert a compulsory counterclaim precludes its assertion in later actions. *Gray v. Kirkland,* 550 S.W.2d 410, 411 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *see* 2 R. McDonald, *supra,* § 7.49, at 254. Shaw Plumbing's suit against Wyatt was a compulsory counterclaim under the requirements of Rule 97(a).

In the case in which Wyatt as plaintiff sued Shaw Plumbing as defendant on tort and DTPA theories, the counties in which venue was proper were: (1) Nueces County, where the defendant had its principal office situated; (2) Duval County, where the construction and plumbing was done, and thus the cause of action arose; or (3) Harris County, where the plaintiff resided

at the time the cause of action arose. Act of Apr. 29, 1943, ch. 228, 48th Leg., 1943 Tex.Gen.Laws 350, *revised by* Act of May 28, 1983, ch. 385, sec. 1, § 3(f), 68th Leg., 1983 Tex.Gen.Laws 2119, 2122, *repealed by* Civil Practice and Remedies Code, ch. 959, sec. 9, 69th Leg., 1985 Tex.Gen.Laws 3242, 3322 (current venue law codified at Tex. Civ.Prac. & Rem.Code Ann. § 15.036 (Vernon Supp.1988)). Wyatt's agent, Morgan Spear, was not a party to the suit brought by Wyatt. Spear was a party, however, to Shaw Plumbing's suit in Nueces County, which was based solely on breach of contract. Because there was a difference in both issues and parties, Shaw argues that the Nueces County district court was not obliged to grant the plea in abatement. We disagree. .

■ When an inherent interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted. It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues. *See* 2 R. McDonald, *supra,* § 7.10, at 165. In determining whether an inherent interrelationship exists, courts should be guided by the rule governing persons to be joined if feasible and the compulsory counterclaim rule. *See* Tex.R.Civ.P. 39, 97(a).

■ Shaw Plumbing should have brought its compulsory counterclaim on the contract in Wyatt's tort and DTPA suit in Duval County. If Shaw Plumbing had joined Morgan Spear, venue would have been proper in the Duval County suit filed by Wyatt, where the cause of action arose.[1]

---

1. Shaw Plumbing claims that Spear could not have been joined to the Duval County lawsuit under the old venue laws in effect at the time. This contention is without merit because the old venue laws were continued in effect only for questions pending on appeal. Act of May 28, 1983, ch. 385, sec. 3, 68th Leg., 1983 Tex.Gen. Laws 2119, 2124; *e.g., Graue–Haws, Inc. v. Fuller,* 666 S.W.2d 238, 239 (Tex.App.—El Paso 1984) (orig. proceeding); *see Tullos v. Eaton Corp.,* 695 S.W.2d 568, 568 (Tex.1985) (per curiam). The Nueces County lawsuit was not on

appeal on the effective date of the new venue law, September 1, 1983. *See* Act of May 28, 1983, ch. 385, sec. 3, 68th Leg., 1983 Tex.Gen. Laws 2119, 2124. There is no question that venue was proper for Spear in Duval County under the 1983 revision to the venue laws. *See* Act of May 28, 1983, ch. 385, sec. 1, § 4(b), 68th Leg., 1983 Tex.Gen.Laws 2119, 2124, *repealed by* Civil Practice and Remedies Code, ch. 959, Sec. 9, 69th Leg., 1985 Tex.Gen.Laws 3242, 3322 (current venue law codified at Tex.Civ.Prac. & Rem. Code Ann. § 15.062 (Vernon 1986)).

If Wyatt had sued Shaw Plumbing in Nueces County, venue would have also been proper because Shaw's principal office was situated in Nueces County. However, since Wyatt filed suit first, he chose Duval County.

It is well settled that when suit would be proper in more than one county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *V.D. Anderson Co. v. Young*, 128 Tex. 631, 636, 101 S.W.2d 798, 800 (1937); *Cleveland v. Ward*, 116 Tex. 1, 19, 285 S.W. 1063, 1070 (1926). As long as the forum is a proper one, it is the plaintiff's privilege to choose the forum. *Mutual Sav. & Loan Ass'n v. Earnest*, 582 S.W.2d 534, 535 (Tex.Civ.App.—Texarkana 1979, no writ). Defendants are simply not at liberty to decline to do battle in the forum chosen by the plaintiff. 2 R. McDonald, *supra*, § 7.49, at 254.

Abatement of a lawsuit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues. *See McCurdy v. Gage*, 123 Tex. 558, 565–66, 69 S.W.2d 56, 59, *reh'g overruled per curiam and opinion adopted*, 75 S.W.2d 1107 (Tex.Comm'n App.1934). The plea in abatement must be raised in a timely manner, however, or it is waived. *Cleveland*, 116 Tex. at 21, 285 S.W.2d at 1071–72. There has been no waiver in the present case.

There are three exceptions to the rule of *Cleveland v. Ward* that the court where suit is first filed acquires dominant jurisdiction: (1) Conduct by a party that estops him from asserting prior active jurisdiction; (2) lack of persons to be joined if feasible,[2] or the power to bring them before the court; and (3) lack of intent to prosecute the first lawsuit. *Young*, 128 Tex. at 636–37, 101 S.W.2d at 800–01; *see also Curtis*, 511 S.W.2d at 267. None of these exceptions applies in this case.

Shaw Plumbing relies on our opinion in *Dolenz v. Continental National Bank* to support its argument that the trial court's

decision to grant the plea in abatement was discretionary. *Dolenz*, 620 S.W.2d 572 (Tex.1981). In that case we held that the trial court did not abuse its discretion in denying a plea in abatement. *Dolenz* must be distinguished, however, for two reasons. First, the second lawsuit in *Dolenz* came into being as a result of Continental Bank's plea of privilege. The court in the second suit properly denied the bank's plea in abatement because a party may not request that a suit against it be severed and transferred to another court, and subsequently seek to abate the second suit. Second, we held that a judgment in the first suit would not foreclose all issues between Continental Bank and Dolenz. *Dolenz*, 620 S.W.2d at 575.

We reaffirm that the rule of *Cleveland v. Ward* is the law regarding conflicts of jurisdiction between Texas courts of coordinate jurisdiction. In the case at bar, both lawsuits involve the same issues. Moreover, the parties in the second suit were either present in the first suit, or parties who should have been joined in the first suit. Since venue was proper in either Duval, Harris, or Nueces County, the court where suit was first filed, Duval County, acquired dominant jurisdiction. The Nueces County district court, therefore, had no discretion to deny Wyatt's plea in abatement.

Accordingly, we reverse the judgment of the court of appeals and remand the cause to the Nueces County district court with instructions to vacate its judgment and abate all proceedings pending final disposition of the Duval County lawsuit.

KILGARLIN, J., files a concurring opinion.

GONZALEZ, J., files a dissenting opinion in which PHILLIPS, C.J., and MAUZY, J., join.

KILGARLIN, Justice, concurring.

While I concur with the court's judgment, I find myself favorably disposed to a concern expressed by Justice Gonzalez. I

---

**2.** Original text refers to necessary parties, which is the pre–1971 Rule 39 language.

do not favor races to the courthouse, as arguably existed in this case, so as to fix venue. I would not, for example, wish to see one claiming a Deceptive Trade Practices Act violation give notice as required by law only to find the seller or provider of services preempting venue by first suing in another county for a small amount still owing on account.

However, Shaw Plumbing Company has failed to brief this matter either in this court or the court of appeals. Whether a notice letter for purposes of entitlement to attorney's fees or a DTPA-mandated notice letter should be sufficient to establish venue prior to filing suit requires considerable consideration by this court, preceded by adequate briefs and oral argument, before we undertake to decide such a significant issue.

Accordingly, I concur.

GONZALEZ, Justice, dissenting.

I agree wholeheartedly with the court's articulation of the rule of dominant jurisdiction. We do not disagree on the law; we disagree on its application to this cause.

Unquestionably, the general rule is that the court in which suit is first filed acquires dominant jurisdiction and that any subsequent suit involving the same parties and the same controversy must be dismissed if, by a plea in abatement, a party calls the court's attention to the pendency of the prior suit. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974), *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926). I would not in any way abandon this general rule.

However, an exception to this general rule has long been recognized. If the court in which suit is first filed cannot properly dispose of the whole subject matter of the litigation as to all necessary parties and issues, then the second court's ruling on any plea in abatement asserted there is a discretionary matter. *See Cleveland v. Ward*, 285 S.W. at 1070; *see also Dolenz v. Continental National Bank of Fort Worth*, 620 S.W.2d 572 (Tex.1981); *First*

*State Bank of Bishop, Texas v. Norris*, 611 S.W.2d 680 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). The court's opinion today still pays lip service to this exception when it states:

> It is not required that the exact issues and all the parties be included in the first action before the second is filed, *provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues.*

760 S.W.2d at 247 (emphasis added). The problem is that the court ignores its own "provided that" language and refuses to recognize that Shaw Plumbing could not have joined Spear in the Duval County suit.

The venue laws effective at the time of this suit protected a party from being brought into a suit as a third-party defendant if venue was not proper as to that party independent of the main action.[1] *See Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 776 (1944). Shaw Plumbing's claim against Spear is based on an oral contract. As such, the only proper place of venue for Shaw Plumbing's cause of action against Spear was Spear's county of residence, Nueces County. *See* former Tex.Rev.Civ.Stat. art. 1995 [3 West's Tex. Stats. and Codes (1974 and 1977 Supp.)]. Therefore, because venue in Duval County was not proper as to Spear independent of the main action, Spear could not have been brought in as a third-party defendant, and thus the Duval County court would not have been able to dispose of all necessary parties and issues in the case.

The court offers two reasons for its conclusion that Spear could have been joined in Duval County. First, it assumes that Spear was Wyatt's agent and suggests that somehow this fact resolves the venue problem. However, the question of whether Spear was Wyatt's agent or an independent contractor was hotly contested. The jury in the Nueces County suit did find that Spear was Wyatt's agent, but this court's decision will result in the lawsuit being tried again in Duval County where the le-

---

1. Contrast this with the currently effective law which expressly states that "venue of the main action shall establish venue of a counterclaim, cross claim, or third party claim...." Tex.Civ. Prac. & Rem.Code Ann. § 15.062 (Vernon 1986).

gal relationship between Spear and Wyatt will be determined anew. To this date, even in his briefs before this court, Wyatt has never conceded that Spear is his agent. Thus, in order to conclude that venue as to Spear would be proper in Duval County, the court affords Wyatt the benefit of a fact that Wyatt himself is still refuting.

Second, as if to hedge its bets, the court cites in a footnote to the continuance provision of the 1983 Act amending article 1955 and asserts that, because the Nueces County lawsuit "was not on appeal on the effective date of the new venue law," the old venue laws are not effective as to the question of whether Spear could have been joined in Duval County. The continuance provision of the 1983 Act stated:

> This Act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.

There have been prior disputes concerning the meaning of this provision. However, the questions at least arose in the context of pleas of privilege and interlocutory appeals from them, the statutory language, "appeals on venue questions," has never been construed to mean anything other than interlocutory appeals from pleas of privilege. *See, e.g., Gonzalez v. H.E. Butt Grocery Co.*, 667 S.W.2d 188 (Tex.App.—Corpus Christi 1983, writ dism'd w.o.j.); *Grubbs v. Mercantile Texas Corp.*, 668 S.W.2d 429 (Tex.App.—Eastland 1984, no writ); *Graue–Haws, Inc. v. Fuller*, 666 S.W.2d 238 (Tex.App.—El Paso 1984, orig. proceeding); *Boyd v. Raymondville State Bank*, 668 S.W.2d 466 (Tex.App.—Corpus Christi 1984, no writ). This continuance provision has never previously been applied to or even discussed in any scenario such as this one involving an appeal from a final

judgment raising a plea in abatement question.

Moreover, the court also assumes that the trial judge, on his own, should have figured out the applicability of the continuance provision. Wyatt never mentioned anything at all about the new venue laws, much less about this continuance provision, in either his first or second plea in abatement. His position has always been that venue as to Spear was immaterial.

The court strains too hard and thereby betrays the inherent weakness of its position. Under the old venue laws, if Shaw Plumbing had attempted to join Spear in Duval County, Spear could have asserted a plea of privilege which would have been proper. In order to avoid this reality, the court is forced to rely on an attenuated construction of a continuance provision that was never argued either at trial or on appeal.[2]

There is still another reason for why the Nueces County trial judge acted properly in refusing to abate the second suit. *Curtis v. Gibbs*, 511 S.W.2d at 267, stated the following exception to the general rule of dominant jurisdiction:

> [T]he plaintiff in the first suit may be guilty of such inequitable conduct as will estop him from relying on that suit to abate a subsequent proceeding brought by his adversary.

In this case, Wyatt filed his DTPA suit against Shaw Plumbing after having already received Shaw Plumbing's thirty day demand letter, and he did so without giving the thirty day notice required of him under the Deceptive Trade Practices—Consumer Protection Act. Tex.Bus. & Com.Code Ann. § 17.505 (Vernon 1987).

Wyatt's failure to give the required statutory notice enabled him to beat Shaw Plumbing to the courthouse and fix venue in Duval County. The proper remedy for a party's failure to give the required DTPA

---

2. Furthermore, Wyatt did not raise this argument in either of his attempts to obtain mandamus relief against the Nueces County trial judge. In seeking to compel the trial judge to grant the plea in abatement, Wyatt filed in the Corpus Christi Court of Appeals a petition for writ of mandamus. That court denied the writ.

*Wyatt v. Westergren*, 704 S.W.2d 148 (Tex.App.—Corpus Christi 1986, orig. proceeding). Wyatt then submitted a petition for writ of mandamus to this court and we overruled his motion for leave to file. *Wyatt v. Westergren*, No. C–5008 (Feb. 19, 1986).

notice is ordinarily abatement rather than dismissal. *The Moving Company v. Whitten,* 717 S.W.2d 117 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *see also Schepps v. Presbyterian Hospital,* 652 S.W.2d 934 (Tex.1983). Under the circumstances of this case, I would hold that although a party's failure to comply with the statutory notice requirement will not result in dismissal, it is nevertheless a type of "inequitable conduct" that cannot be used as a vehicle for fixing venue. Thus, I would further hold that Wyatt's failure to give the required DTPA notice estops him from relying on his first-filed suit to abate the subsequent suit.[3]

Although the court's opinion acknowledges the exceptions to the general rule of dominant jurisdiction, it summarily states that none apply. Upon analysis, I am unable to reach the same conclusion. Therefore, I dissent from the court's opinion and would affirm the judgment of the court of appeals.

PHILLIPS, C.J., and MAUZY, J., join.

---

**3.** In a concurring opinion, Justice Kilgarlin also voices his concern about the manner in which Wyatt effectively fixed venue by failing to give the required DTPA notice. However, he refuses to address the matter because Shaw Plumbing did not brief it. Of course, Shaw Plumbing had no reason to complain about this matter on appeal because it won at the trial court and won in the court of appeals. *See Boyce Iron Works,* *Inc. v. Southwestern Bell Telephone Co.,* 747 S.W.2d 785 (Tex.1988). By contrast, Wyatt as the petitioner here did have the burden of preserving his arguments. Tex.R.App.P. 131. Wyatt never raised any argument concerning the venue laws, new or old, and certainly never mentioned the continuance provision to the 1983 amendments; yet the court does not hesitate to reach that matter.