In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01394-CV

____________


HELEN MILLER SAMPLE, THOMAS E. MILLER, & EUGENIA ANN
(MILLER) HUNT, Appellants


V.


FIRST NATIONAL BANK OF BRYAN, Appellee






On Appeal from the 272nd District Court

Brazos County, Texas

Trial Court Cause No. 46,700-272






O P I N I O N

 This appeal arises from a termination of a trust. Appellants, Helen Miller
Sample, Thomas E. Miller, and Eugenia Ann (Miller) Hunt, appeal the trial court's
order which denied them their right to receive an accounting and the severance of
their counterclaims. We reverse and remand.


Background


 Appellee, First National Bank of Bryan (Bank), is the trustee of a trust known
as the Travis Bryan Trust. In 1998, Bank filed suit to terminate the trust. Appellants
filed an answer and counterclaimed that Bank needed to give a full and complete final
accounting. On November 29, 1999, Bank filed special exceptions to appellants'
counterclaims. On March 27, 2000, the trial court held a hearing and sustained
Banks' special exceptions and denied the request for a final accounting. The trial
court ordered appellants to replead their counterclaims. After appellants amended
their counterclaims, Bank filed a motion for partial summary judgment. The trial
court granted Bank's motion and severed appellants' counterclaims. 

 In four issues on appeal, appellants argue that the trial court erred in: (1)
holding that they were not entitled to an accounting; (2) holding that they were not
entitled to a jury trial on their counterclaims; and (3) severing their counterclaims.

Severance


 In their fourth issue on appeal, appellants argue that the counterclaims were
improperly severed. 

 Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim
against a party may be severed and proceeded with separately." This rule grants the
trial court broad discretion in the matter of severance and consolidation of causes. 
McGuire v. Commercial Union Ins. Co., 431 S.W.2d 347, 351 (Tex. 1968). The trial
court's decision to grant a severance will not be reversed unless it has abused its
discretion. Saxer v. Nash Phillips-Copus Co. Real Estate, 678 S.W.2d 736, 739 (Tex.
App.--Tyler 1984, writ ref'd n.r.e.). A claim is properly severable if: (1) the
controversy involves more than one cause of action; (2) the severed claim is one that
would be the proper subject of a lawsuit if independently asserted; and (3) the severed
claim is not so interwoven with the remaining action that they involve the same facts
and issues. Id.; see also Weaver v. Jock, 717 S.W.2d 654 (Tex. App.--Waco 1986,
writ ref'd n.r.e.). 

 Appellants argue that their counterclaims were compulsory, and therefore,
severing them constituted an abuse of discretion. We agree.

 An order that severs compulsory counterclaims from the primary suit
constitutes an abuse of discretion. Ryland Group Inc. v. White, 723 S.W.2d 160, 161
(Tex. App.--Houston [1st Dist.] 1986, no writ). A counterclaim is compulsory if: 
(1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer
the subject of a pending action; (3) the action is mature and owned by the pleader at
the time of filing the answer; (4) it arises out of the transaction or occurrence that is
the subject matter of the opposing party's claim; (5) it is against an opposing party
in the same capacity; and (6) it does not require for its adjudication the presence of
third parties over whom the court cannot acquire jurisdiction. Wyatt v. Shaw
Plumbing Co., 760 S.W.2d 245, 247 (Tex. 1988). In this case, appellants assert as a
counterclaim that they were entitled to a final accounting. This claim meets all of the
Wyatt factors. See id. Thus, we conclude that appellants' counterclaims were
compulsory counterclaims, and therefore, the trial court abused its discretion in
severing appellants' counterclaims.

 We sustain appellants' fourth issue on appeal. Because we sustain this issue,
we decline to address appellants' remaining issues on appeal.

Conclusion


 We reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion.

 

 Adele Hedges

 Justice


Panel consists of Chief Justice Schneider and Justices Hedges and Nuchia.

Do not publish. Tex. R. App. P. 47.