Lewis QUALLS, Appellant,

v.

ANGELINA COUNTY, On Behalf of Itself, Huntington Independent School District, Angelina College District, and the City of Huntington, Appellees.

No. 09–02–046 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 17, 2003.

Decided Jan. 30, 2003.

Deborah J. Race, Ireland, Carroll & Kelley, P.C., Tyler, for appellant.

F. Duane Force, Linebarger Goggan Blair Pena & Sampson, LLP, Austin, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Lewis Qualls appeals from a judgment in a suit to collect delinquent ad valorem taxes. Angelina County prosecuted the suit on its own behalf, and on behalf of three other tax units: Huntington Independent School District, Angelina College District, and the City of Huntington. In addition to suing on behalf of the City of Huntington, the County also named the City of Huntington, in its capacity as a junior lienholder, as a defendant. The trial court awarded the taxing units a total of $34,604.50 against Lewis Qualls, and ordered foreclosure of the tax liens on the subject property. The two issues raised in this appeal concern a counterclaim Qualls filed against the City of Huntington.

Qualls's counterclaim alleged that Qualls purchased a tract of land, "Huntington Place Subdivision," from Huntington State Bank. The bank financed the purchase and an additional loan for improvements, then transferred the secured notes to the City of Huntington for reasons not germane to the appeal. The counterclaim alleged that the City wrongfully accelerated the notes in the course of a dispute with Qualls concerning the subdivision's water and sewer system. Qualls sought a declaratory judgment regarding the identity of the holder and the amount due on the notes,

regarding the City's obligations to connect new water users and to maintain and repair the water system, damages for wrongful acceleration and attempted foreclosure of the deed of trust liens, removal of a cloud upon Qualls's title to the property, damages for deceptive trade practices, damages for violation of his constitutional rights in connection with the attempted foreclosure, and damages for interference with Qualls's contractual relationships with purchasers in the subdivision.

When the City filed its answer to the counterclaim, it included a plea in abatement and motion to sever the counterclaim from the tax suit. The City alleged that the claims brought in Qualls's counterclaim were the subject of a previously filed suit, *Qualls v. The City of Huntington,* then pending in the District Court of Angelina County,[1] and moved to sever the counterclaim from the tax suit. Because the identical claims were then pending in another suit, the City requested that the counterclaim be dismissed. Qualls filed a response that acknowledged he had brought the identical claims in the other suit. The trial court granted the City's motion and dismissed Qualls's counterclaim without prejudice. Qualls continued to assert his claims in pleadings filed in the tax suit, and the trial court signed another order dismissing the claims without prejudice.

Qualls phrases his first issue, as follows: Did the trial court err in granting the City of Huntington's plea in abatement and dismissing Lewis Qualls counterclaims in this second-filed suit, in light of the unique circumstances wherein the City filed the tax suit as a taxing author-

1. The same judge presided in both cases. The trial court granted the City's motion for partial summary judgment in *Qualls v. City of Huntington,* on November 5, 2001. The order granting the plea in abatement in *Angelina County v. Qualls* was signed on November 20, 2001, and the order dismissing Qualls's counterclaim was signed on December 18, 2001. *Qualls v. City of Huntington* was still pending when the trial court signed its orders in this case.

ity and also appeared as a defendant lienholder allegedly seeking to foreclose its lien in part based upon Qualls' non-payment of taxes? [2]

Qualls contends that this Court should review the trial court's ruling *de novo*. He acknowledges that courts have reviewed such rulings for abuse of discretion, but argues that his position is supported by the Supreme Court's decision in *Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212 (Tex.2002). The issue in that case, whether a state agency had primary jurisdiction over the controversy, was held to be a legal question subject to review *de novo. Id.* at 222. Issues of severance and abatement are, in contrast, matters in which the trial court exercises discretion that on appeal are reviewed for abuse of discretion. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988); *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 525 (Tex.1982).

A plea in abatement is the vehicle through which a party may avoid multiple suits over the same controversy. *Wyatt*, 760 S.W.2d at 246. "Abatement of a lawsuit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues." *Id.* at 248. The rules governing joinder of necessary parties and compulsory counterclaims guide courts in determining whether an inherent interrelationship of the subject matter exists in two pending suits. *Id.* at 247. When an inherent interrelation of the subject matter exists in two pending lawsuits, the conflicting jurisdiction between two courts of coordinate jurisdiction is generally resolved in favor of the court in which the suit is first filed. *Id.* at 248. Qualls argues that the trial court abused its discretion in dismissing

his counterclaim because comity was not served by dismissing his claim in favor of a suit presided over by the same judge. Comity would only be served, he argues, by abating the entire tax suit while his suit against the City of Huntington proceeded to judgment. For its part, Angelina County argues that the counterclaim was a separable, severable action, subject to the same rules applicable to an original pleading. *See Texas Automatic Sprinklers, Inc. v. Albert Sterling and Associates, Inc.*, 606 S.W.2d 12, 14 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

We note that there is, in this case, no court of competing jurisdiction, because both suits have been brought in the district court of the same county. Qualls's counterclaim against the City of Huntington is admittedly identical to his claims in the first suit. Angelina County's suit against Qualls is, on the other hand, unrelated to his dispute with the City of Huntington. Qualls did not protest the determination of the appraised value of the property or any other action of the appraisal review board, and could not do so in this litigation. *See* TEX. TAX CODE ANN. §§ 41.41, 42.09 (Vernon 2001). Likewise, he has not challenged the amount of the tax, the fact that he owns the property on which the tax was imposed, that the land is located within the boundaries of the taxing unit. The issue, therefore, is whether the trial court abused its discretion in ordering that Qualls's claims against the City be tried in the first-filed suit, separately from the tax suit.

A claim is properly severable if the controversy involves more than one cause of action, the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and the

---

**2.** As stated, the issue is slightly misleading. The City of Huntington did not seek to en- force its real estate security interest in this litigation.

severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guaranty Federal Savings Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990). "The controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Id.* The taxing units' cause of action for non-payment of delinquent taxes is not the same cause of action as Qualls's counterclaims. He has, in fact, maintained a separate suit on his claims, and he did not file a motion to consolidate the two suits. Qualls's claims against the City regarding its refusal to connect lot owners to the water and septic system do not involve the proof of essentially the same facts as the taxing units' claims for delinquent taxes. Qualls contends that the City could not proceed in its capacity as junior lienholder in the tax suit without issues regarding the notes being first resolved. In the tax suit, however, the City's status as a junior lienholder would not affect Qualls's liability for the taxes. The counterclaim was severable from the tax suit.

■ Qualls contends that convenience and orderly procedure of contested issues was not served by allowing the County's suit to proceed before his suit, because his was filed first. Qualls does not allege any wrongdoing by the City in process through which his liability for the taxes arose. A judicial determination of Qualls's liability for the taxes assessed upon his property would not preclude or adversely affect his cause of action for the City's bad faith in its proprietary transactions. Qualls contends that the City could have filed its tax claim as a counterclaim in his suit. However, the tax claim was filed by Angelina County on behalf of a number of taxing units in addition to the City. We hold that the trial court did not abuse its discretion in ordering that the tax collection suit and tort suit proceed separately.

■ Qualls claims that the plea in abatement was not timely filed, because the City filed its pleading eight months after he filed his counterclaim. The plea in abatement was filed with the City's original answer to Qualls's counterclaim. The plea was timely filed and the City did not waive the issue by not filing the instrument on an earlier date. Issue one is overruled.

■ Issue two contends, "The judgment in this case fails to accurately reflect the court's disposition of all claims in this cause, and if not reversed in its entirety, should be reformed to reflect the dismissal of Qualls' counterclaims without prejudice." Qualls does not question the finality of the summary judgment, but suggests the judgment should accurately reflect the court's intent with respect to the disposition of the entire cause, including the claims dismissed in a prior court order. Because Qualls did not present this complaint to the trial court, error has not been preserved for review on appeal. TEX. R.APP. P. 33.1. Issue two is overruled. The judgment is affirmed.

AFFIRMED.