Criminal Case Template






 





COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


CAP ROCK ELECTRIC
COOPERATIVE, INC.,


 Appellant,


v.


RAYBURN COUNTRY ELECTRIC
COOPERATIVE, INC.,


 Appellee.

§


§


§


§


§

No. 08-01-00347-CV


Appeal from the


238th District Court


of Midland County, Texas


(TC#CV-43,387)


M E M O R A N D U M O P I N I O N
 

 This is an appeal from a permanent injunction and the granting of summary judgment.
For the reasons stated, we reverse and remand. 

I. SUMMARY OF THE EVIDENCE


 Appellee, Rayburn Country Electric Cooperative, Inc. ("Rayburn"), is a non-profit
corporation organized under the Texas Electric Cooperative Corporation Act. Rayburn
procures power through long-term power contracts with generators, and re-sells that power
at wholesale to its Member-cooperatives, who then provide that electricity to individual
consumers and business. Lamar County Electric Cooperative Association ("Lamar") is a
Member-cooperative of Rayburn. Appellant, Cap Rock Electric Cooperative, Inc. ("Cap
Rock") is a non-profit corporation organized under the Texas Electric Cooperative
Corporation Act. 

 In October, 1999, Lamar and Cap Rock signed an agreement to combine. Rayburn
opposed the combination and argued there were contractual prohibitions on the proposed
combination stemming from several contracts, including a "First Refusal Agreement". In
November, 1999, Lamar filed a declaratory judgment action against Rayburn in Lamar
County, seeking to have the First Refusal Agreement declared unenforceable, or in the
alternative, requesting that the court construe the parties' rights and remedies under the First
Refusal Agreement. Rayburn then filed an original petition for temporary and permanent
injunctive relief against Lamar and Cap Rock in Midland County on December 7, 1999. The Midland court granted Rayburn's request for a temporary restraining order
("TRO") and set the bond at $15,000. Rayburn posted the bond on December 8, 1999. On
December 9, 1999, the 6th Judicial District Court in Lamar County entered an order in which
it confirmed that Lamar County Electric Cooperative Association v. Rayburn Country
Electric Cooperative, Inc., et al., No. 67,121, was properly filed in and would remain on the
docket of the District Court, despite the fact the District Clerk's office inadvertently placed
the County Court at Law designation on the suit. Also on December 9, 1999, Cap Rock filed
its "Motion to Transfer Venue and Subject Thereto Plea in Abatement, Motion to Dissolve
the Temporary Restraining Order, Motion to Deny Temporary Injunctive Relief, Plea in
Abatement, and Alternatively Motion to Increase Bond." 

 On December 13, 1999, the Midland court denied Cap Rock's and Lamar's Pleas in
Abatement and Motions to Sever and refused to dissolve the TRO. On December 22, 1999,
the Midland court entered an Agreed Order Extending the Temporary Restraining Order in
which he ordered the TRO remain in effect until the conclusion of the hearing on Rayburn's
Application for Temporary Injunction and Cap Rock's and Lamar's Motions to Transfer
Venue. The hearing was set for January 27, 2000. The order noted that the bond previously
posted by Rayburn would remain in effect until further order of the court. Finally, the order
stated that by agreeing to the extension of the TRO, no party waived and all parties preserved
any rights, arguments, and relief that would otherwise be available to them if the injunction
hearing had gone forward as originally scheduled for December 21, 1999. 

 On December 23, 1999, Rayburn filed its First Amended Petition in which it added
counts 12, 13, and 14. These additional causes of action sought a declaratory judgment with
regard to the Settlement Agreement Rayburn and Cap Rock entered into on February 14,
1996. After the January 27, 2000 hearing on Rayburn's Application for Temporary
Injunction and Appellants' Motion to Transfer Venue, the Midland court entered its Agreed
Order for Temporary Injunction for the purpose of preserving the status quo pending final
adjudication of the issues. A trial date of June 19, 2000 was set and the order stated that it
would not be effective unless and until Rayburn executed and filed with the clerk a bond in
the amount of $15,000.

 On January 31, 2000, Rayburn filed a motion for partial summary judgment against
Cap Rock. Also on January 31, 2000, Cap Rock filed a Motion to Intervene in the Lamar
County proceedings. Cap Rock filed several briefs in opposition to Rayburn's motion. The
summary judgment hearing was held on March 23, 2000, and on May 24, 2000, the Midland
court signed its Order granting Rayburn's motion for partial summary judgment. 

 In November, 2000, Lamar and Cap Rock moved to dissolve the Order Granting
Temporary Injunction because Rayburn never filed the required bond. Upon learning of the
motions to dissolve, Rayburn filed the required bond on November 27, 2000. Thereafter, the
District Clerk issued the writs of injunction. The Midland court denied the motions to
dissolve. 

 On June 4, 2001, the Midland court entered its Final Judgment and Permanent
Injunction against Cap Rock. The Final Judgment includes a declaratory judgment that there
is a conflict between the 1996 Settlement Agreement and Cap Rock and Lamar's Agreement
to Combine. It is from this judgment that Cap Rock appeals. 

II. DISCUSSION

 Cap Rock presents five issues on appeal. We will first address the jurisdictional issue.

In Issue No. One, Cap Rock argues that the court erred in refusing to abate because the court
lacked jurisdiction due to a previously filed case. The supreme court has provided guidance
on when courts with jurisdiction should abate consideration of actions before them in
deference to other courts considering similar suits. Wyatt v. Shaw Plumbing Co., 760 S.W.2d
245, 247-48 (Tex. 1988). The supreme court wrote that, 

[w]hen an inherent interrelation of the subject matter exists in two pending
lawsuits, a plea in abatement in the second action must be granted. It is not
required that the exact issues and all the parties be included in the first
action before the second is filed, provided that the claim in the first suit may
be amended to bring in all necessary and proper parties and issues. In
determining whether an inherent interrelationship exists, courts should be
guided by the rule governing persons to be joined if feasible and the
compulsory counterclaim rule. 

Id. at 247 (citations omitted). It is well-settled that when suit would be proper in more than
one county, the court in which suit is first filed acquires dominant jurisdiction to the
exclusion of other courts. Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex.1974); V.D. Anderson
Co. v. Young, 128 Tex. 631, 636, 101 S.W.2d 798, 800 (1937); Cleveland v. Ward, 116 Tex.
1, 19, 285 S.W. 1063, 1070 (1926). As long as the forum is a proper one, it is the plaintiff's
privilege to choose the forum. Mutual Sav. & Loan Ass'n v. Earnest, 582 S.W.2d 534, 535
(Tex. Civ. App.--Texarkana 1979, no writ). Defendants are simply not at liberty to decline
to do battle in the forum chosen by the plaintiff.

 The first court will not, however, have dominant jurisdiction if it is established that:
(1) a party is estopped from asserting the first court's jurisdiction; (2) necessary parties
cannot be joined in the first suit, or the court lacks power to bring the parties before it; or (3)
the plaintiff in the first court lacks the intent to prosecute the first lawsuit. Wyatt, 760
S.W.2d at 247-48. 

 We review the record to determine whether the Midland court abused its discretion
by declining to abate its proceeding. Id. A trial court abuses its discretion when it acts in an 

unreasonable and arbitrary manner, or without reference to any guiding rules or principles.
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).


 Lamar filed its action against Rayburn in Lamar County on November 24, 1999. 
Rayburn then filed suit in Midland County on December 7, 1999. Thus, it is undisputed that
Lamar filed first. Rayburn argues that the Lamar County court did not obtain dominant
jurisdiction because the suit was first filed in the Lamar County Court at Law. However, it
is clear from Lamar's petition that the suit was to be filed in the District Court of Lamar
County. The District Court later entered an order in which it confirmed that the District
Clerk's office had inadvertently placed the County Court at Law designation on the suit and
that the suit was properly filed in and would remain on the docket of the District Court. 

 Rayburn next argues that the claims in its Original Petition were not compulsory
counterclaims in the Lamar County action because those claims involved a broader subject
matter and different parties. Rayburn notes that at the time it filed its suit in Midland County,
Cap Rock was not a party to the Lamar County action. While it is true that Cap Rock did not
intervene in the Lamar County suit until January, 2000, the Wyatt exceptions state that the
first court will not have dominant jurisdiction if it is established that the necessary parties
cannot be joined in the first suit or the court lacks power to bring the parties before it. Wyatt,
760 S.W.2d at 248. Wyatt does not require that all necessary parties be before the court at
the time the original petition is filed. The Lamar County court had the power to bring the
necessary parties before it and there is no showing that Cap Rock, or any other necessary
party, could not be joined in the Lamar County suit. Furthermore, Rayburn's arguments that
its claims involved broader subject matter are unpersuasive. Both the Lamar County action
and the Midland County action arose out of the same controversy: Lamar and Cap Rock's 
agreement to combine. Rayburn's original petition in Midland County was for temporary and
permanent injunctive relief against Lamar and Cap Rock. Rayburn could have sought
injunctive relief against Lamar and Cap Rock in the Lamar County suit. 

 Finally, we note that there is no showing that any party is estopped from asserting the
Lamar County court's jurisdiction, nor is there any proof that Lamar, the plaintiff in the first
court, lacks the intent to prosecute the first lawsuit. Wyatt, 760 S.W.2d at 248. Cap Rock
argues that Rayburn's filing suit in Midland County was "flagrant forum shopping" and such
behavior should not be rewarded. We agree. As the supreme court has commented with
regard to the first-filed rule, "[a] further justification is simple fairness: in a race to the
courthouse, the winner's suit should have dominant jurisdiction." Perry v. Del Rio, 66
S.W.3d 239, 252 (Tex. 2001). We find that the Midland court should have abated the action
because it lacked jurisdiction due to a previously filed case. Accordingly, we sustain Issue
No. One. Given our disposition of the jurisdiction issue, we need not address Cap Rock's
remaining issues. We reverse and remand to the trial court with instructions to dissolve the
injunction and dismiss the suit for want of jurisdiction. 

February 10, 2004



 __________________________________________ 
RICHARD BARAJAS, Chief Justice




Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.