NO.
12-06-00244-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

 

IN RE: 3-T EXPLORATION,
INC.,            §          ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original proceeding, 3-T Exploration, Inc. seeks a writ of mandamus requiring
the trial court to (1) vacate its July 12, 2006 order denying 3-T’s plea in
abatement, (2) enter an order granting the plea in abatement, and (3) dismiss
cause number 06-1668-C styled Greyfox Energy Partners, L.P. v. 3-T
Exploration, Inc. now pending in the 241st Judicial District Court of Smith
County.[1]  We deny the petition.

Background

            In July
2005, 3-T sued Greyfox in Denton County, Texas, seeking damages, injunctive
relief, and other remedies relating to geological and geophysical data
allegedly owned by 3-T and Greyfox as tenants in common.[2]  Greyfox answered, and by subsequent amended
answers asserted various counterclaims against 3-T and sought injunctive
relief.  In June 2006, Greyfox sued 3-T
in Smith County.  In its petition,
Greyfox alleged claims for breach of contract and for nonpayment of revenues
from working interests and overriding royalty interests.  Greyfox also requested a temporary
injunction.  Greyfox had previously
alleged these same claims and requested the same

 injunctive relief in
the Denton County suit.

            The trial
court set a hearing for July 5, 2006 on Greyfox’s request for a temporary
injunction.  The same day, 3-T filed a
plea in abatement in the Smith County case advising the trial court that  the Denton County suit was filed first and
involved the same parties and claims.  At
the injunction hearing, the trial court learned that 3-T had filed the plea in
abatement and reset the hearing for July 12, 2006.  On July 10, Greyfox filed a response to 3-T’s
plea in abatement alleging in part that it had chosen to nonsuit its
counterclaims in the Denton County case “in order to assert those same claims
in Smith County, a proper and mandatory venue.” 
Greyfox further alleged that “[Greyfox’s] claims in this case are no
longer part of the Denton County case, therefore, the issues raised in [3-T’s]
Plea are now moot.”

            On July 12,
2006, 3-T filed this original proceeding alleging that the trial court had
violated a ministerial duty by failing to rule on the plea in abatement and
seeking a stay of the temporary injunction hearing.  We denied the stay, and the hearing proceeded
as scheduled.  At the hearing, the trial
court first overruled 3-T’s plea in abatement without hearing evidence and then
proceeded to the merits of Greyfox’s request for temporary injunction.  Thereafter, 3-T supplemented its mandamus
petition urging that the trial court abused its discretion in denying the plea
in abatement.

 

Prerequisites
to Mandamus

            Mandamus
relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  A trial court has no discretion in
determining what the law is or applying the law to the facts.  Walker, 827 S.W.2d at 840.  Thus, a clear failure by the trial court to
analyze or apply the law correctly is an abuse of discretion.  Id. 

 

Abuse of
Discretion

            In this
proceeding, 3-T contends that the trial court abused its discretion in denying
3-T’s plea in abatement because the claims Greyfox asserts in the Smith County
case are compulsory counterclaims in the Denton County suit.  Therefore, 3-T concludes, the trial court had
no discretion to deny its plea in abatement.

            With certain
exceptions not applicable here, it is well settled that when suit would be
proper in more than one county, the court in which suit is first filed acquires
dominant jurisdiction to the exclusion of the other courts.  Wyatt v. Shaw Plumbing Co., 760
S.W.2d 245, 248 (Tex. 1988); Curtis v. Gibbs, 511 S.W.2d 263, 267
(Tex. 1974).  When the subject matter of
the two pending suits is inherently interrelated, a plea in abatement in the
second suit is mandatory and the trial court has no discretion to hear the
case.  Wyatt, 760 S.W.2d at
247.  In determining whether an inherent
interrelationship exists between the two suits, courts should consider two
factors: (1) whether the claims in the second suit are compulsory counterclaims
in the first and (2) whether the parties in the second suit are persons to be
joined if feasible in the first.  See id.;
see also Tex. R. Civ. P. 39,
97.  The dispute in this proceeding
concerns the first factor.

            A
counterclaim is compulsory if (1) it is within the jurisdiction of the court;
(2) it is not the subject of a pending action at the time the answer is filed;
(3) the action is mature and owned by the pleader at the time of filing the
answer; (4) it arises out of the transaction or occurrence that is the subject
matter of the opposing party’s claim; (5) it is against an opposing party in
the same capacity; (6) and it does not require for its adjudication the
presence of third parties over whom the court cannot acquire jurisdiction.  Tex.
R. Civ. P. 97(a).  If the claim
meets these requirements, it must be asserted in the initial action.  Wyatt, 760 S.W.2d at 247.  A defendant’s failure to assert a compulsory
counterclaim in the initial action precludes its assertion in a later
action.  Id.  In the instant case, 3-T argues that the
claims asserted by Greyfox in the Smith County case meet all six requirements
of Rule 97(a). Greyfox counters that its Smith County claims do not arise out
of the same transaction or occurrence as 3-T’s Denton County claims and
therefore cannot be compulsory counterclaims.

            Generally,
the courts apply a logical relationship test to determine what constitutes a
transaction or occurrence.  Freeman
v. Cherokee Water Co., 11 S.W.3d 480, 483 (Tex. App.–Texarkana 2000,
pet. denied).  A counterclaim is
compulsory under this test if the same essential facts on which the counterclaim
is based are significantly and logically relevant to both claims.  Id.  The issue of whether two lawsuits arise out
of the same transaction or occurrence is largely left to the trial court’s
discretion.  White v. Rupard,
788 S.W.2d 175, 178 (Tex. App.–Houston [14th Dist.] 1990, writ denied).

            Here, 3-T
contends that the two suits are interrelated because the claims asserted by 3-T
and Greyfox arise out of a joint venture agreement and the now-dissolved joint
venture.  However, we see nothing in the
record before us to indicate that the trial court had this information before
it at the time it ruled on 3-T’s plea in abatement.  Because it does not appear from the record
that the trial court was aware of the previous joint venture between the
parties, we cannot consider this information in our determination of whether
the trial court abused its discretion in denying 3-T’s plea in abatement.[3]  See In re Bristol-Myers Squibb Co.,
975 S.W.2d 601, 605 (Tex. 1998) (focus in mandamus is the record before the trial
court at the time it made its ruling).  

            Next, 3-T
argues in its reply to Greyfox’s response, and also stated at oral argument,
that an aspect of the logical relationship between the two suits is 3-T’s
potential right of setoff against any recovery obtained by Greyfox in the Smith
County suit if the parties obtain mutual judgments.  As previously stated, the logical
relationship test requires that the same essential facts on which Greyfox’s
claims are based be significantly and logically relevant to 3-T’s Denton County
claims.  See Freeman, 11
S.W.3d at 483.  Otherwise, Greyfox’s
claims are not compulsory counterclaims. 
The right to setoff that 3-T anticipates is not one of the facts upon
which Greyfox’s Smith County claims are based. 
Therefore, 3-T’s anticipated right of setoff is not a factor in
determining whether Greyfox’s claims are compulsory counterclaims.  

            Finally, 3-T
urges that allowing the Smith County suit to proceed creates a risk of
inconsistent judgments in the two suits. 
The risk of inconsistent judgments sometimes occurs when all interested
parties are not joined in the same lawsuit. 
See, e.g., Jones v. Ray, 886 S.W.2d 817, 822 (Tex. App.–Houston
[1st Dist.] 1994, orig. proceeding) (severance of claim involving indivisible
injury creates risk of inconsistent judgments where facts and issues relating
to each defendant’s liability are the same and each defendant in each severed
suit could present evidence that other defendants were liable).  However, neither 3-T nor Greyfox contends joinder
is an issue in this case. Further, 3-T has not developed its argument and
therefore does not explain under what circumstances inconsistent judgments
could be rendered in the Denton County and Smith County cases.  Therefore, we do not address this contention.

 

Conclusion

            In this
proceeding, 3-T had the burden to show that the trial court abused its
discretion in denying 3-T’s plea in abatement and that 3-T has no adequate
remedy by appeal.  Based upon the
foregoing analysis, we conclude that 3-T has failed to show that the trial
court abused its discretion in denying the plea in abatement.  Consequently, we do not address whether
appeal is an adequate remedy.  The
petition for writ of mandamus is denied.  

 

                                                                                                     BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered November
21, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The
respondent is the Honorable Jack Skeen, Jr., Judge of the 241st Judicial
District Court, Smith County, Texas.  The
real party in interest is Greyfox Energy Partners, L.P.





[2] Additional
parties were named in the Denton County suit, but are not parties to this
proceeding.





[3]  Similarly, we do not consider
documents presented in this proceeding that were not before the trial
court.  Bates v. MTH Homes–Texas,
L.P., 177 S.W.3d 419, 423 n.3 (Tex. App.–Houston [1st Dist.] 2005, no
pet.) (combined appeal and orig. proceeding).