**CONDITIONALLY GRANT and Opinion Filed February 6, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00975-CV**

**IN RE THE BIG 12 CONFERENCE, INC., Relator**

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-00585-A**

## MEMORANDUM OPINION
Before Justices Bridges and Brown[1]
Opinion by Justice Bridges

On January 25, 2019, the Texas Supreme Court issued *In re Houston Specialty Insurance Co.*, No. 17-1060, 2019 WL 321152 (Tex. Jan. 25, 2019) (orig. proceeding) (per curiam). In light of that opinion and on the Court's own motion, we withdraw our December 21, 2018 opinion and issue this substitute memorandum opinion. This is now the opinion of the Court.

This original proceeding involves a question of dominant jurisdiction in which two parallel proceedings are pending in two courts of concurrent jurisdiction. We are asked to decide whether the trial court abused its discretion by denying relator's plea in abatement.

Texas Christian University (TCU), its Board of Trustees, and various members of the athletic department filed a separate original petition involving the same underlying facts as the present original petition. *See In re Tex. Christian Univ.*, No. 05-18-00967-CV (Tex. App.—Dallas,

---

[1] Justice Boatright was on the original panel; however, as of January 1, 2019, he is no longer a justice on the Court and did not participate in deciding this substitute opinion. *See* TEX. R. APP. P. 41.1(b).

Feb. 6, 2019, orig. proceeding). For the reasons we conditionally granted TCU's original petition, we likewise conclude the first-filed rule applies here without exception and conditionally grant relator's petition.

Further, to the extent Kolby Listenbee, the real party in interest, argues relator does not have standing, his argument is misplaced. Listenbee argues relator "does not have standing to complain that the trial court did not abate the underlying case in favor of another suit in another county to which relator is not a party." Listenbee's argument conflates the issue of standing with relator's procedural right to file a plea in abatement challenging dominant jurisdiction. "In Texas, the standing doctrine requires a concrete injury to the *plaintiff* and a real controversy between the parties that will be resolved by the court." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154 (Tex. 2012) (emphasis added). Relator is not a plaintiff in the underlying suit. Moreover, Listenbee's argument runs afoul of the well-settled principle that for two suits to be inherently related, such that the first-filed rule applies, "it is not required that the exact issues and all the parties be included in the first action before the second is filed." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). It is undisputed relator is not a party to the first-filed case in Tarrant County; however, that does not foreclose the Tarrant County lawsuit and the Dallas County lawsuit, to which relator is a party, from being interrelated. Moreover, the proper procedural vehicle for relator to bring to the trial court's attention the first-filed case in Tarrant County is through a plea in abatement.

We conditionally grant relator's petition. On January 3, 2019, the trial court complied with our December 21, 2018 order by issuing an order vacating its July 23, 2018 order denying relator's plea in abatement, granting the plea in abatement, and abating the case.

The underlying proceeding remains abated pending outcome of the Tarrant County lawsuit.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180975F.P05