ACCEPTED
15-25-00143-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/26/2025 1:07 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00143-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/26/2025 1:07:45 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

**Kelly Hancock, Acting Texas Comptroller of Public Accounts of the State of Texas,
and Ken Paxton, Attorney General of the State of Texas**

*Appellants,*

v.

**ChampionX, LLC**,

*Appellee.*

On Appeal from the 53rd Judicial District Court
Travis County, Texas
Cause No. D-1-GN-23-000226

**JOINT MOTION TO ABATE APPEAL**

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Appellants Kelly Hancock[1], Acting Texas Comptroller of Public Accounts of the State of Texas, and Ken Paxton, Attorney General of the State of Texas, and Appellee ChampionX, LLC respectfully move the Court to abate this appeal pending resolution of the earlier-filed and related appeal, *Glenn Hegar, et al. v. ChampionX, LLC*, No. 15-24-00111-CV (the "Lead Appeal"). As explained below, both appeals involve the same parties and address common questions of law and fact. Abating the instant appeal will conserve judicial and party resources and will not delay the ultimate resolution of this case because the resolution of the Lead Appeal will resolve this appeal.

## I.     Procedural Background

From January 2020 to January 2024, Appellee filed five substantively identical tax refund lawsuits in the Travis County District Court, seeking to recover sales and use tax, plus statutory interest, for multiple tax periods spanning March 2011 to October 2022. Appellee's first three lawsuits (filed in January 2020, February 2021, and August 2022) were consolidated under Cause No. D-1-GN-20-000139 ("Cause 139"). The final two lawsuits (filed in January 2023 and January 2024) were consolidated under Cause No. D-1-GN-23-000226 ("Cause 226")—the

---

[1] Glenn Hager served as Comptroller of Public Accounts of the State of Texas at the time this lawsuit was filed in district court. As of July 1, 2025, Kelly Hancock serves as Acting Texas Comptroller of Public Accounts.

suit giving rise to this appeal. Every case advances the same two grounds for refund: (i) the tangible personal property sold and leased to Appellee for use in the manufacture and sale of goods are exempt from tax under Texas Tax Code § 151.318, and (ii) the related services Appellee purchased in connection with the aforementioned property are exempt from tax under Texas Tax Code § 151.3111.

On February 1, 2023, the parties filed an *Agreed Motion to Abate* Cause 226 on the basis that Appellee's earlier filed matters consolidated under Cause 139 concerned the same legal issues. The trial court entered an *Agreed Order Granting Abatement* for Cause 226 on February 9, 2023.

Final judgment was entered in Cause 139 on September 19, 2024, and Appellants filed a *Notice of Appeal* in the Lead Appeal (No. 15-24-00111-CV) on October 10, 2024. Briefing in the Lead Appeal concluded on June 4, 2025, and the case awaits determination. The Lead Appeal is set for oral argument before this Court on October 30, 2025.

The trial court entered an *Order Lifting Abatement and Granting Summary Judgment* in Cause 226 on December 6, 2024, and *Final Judgment* was entered on July 30, 2025. Appellants filed the Notice of Appeal in this case on August 28, 2025.

The parties agree that the cases present common questions of law and fact and any differences between them are minor (*e.g.*, the cases cover different tax

2

periods). The parties also agree that the outcome of the first set of cases will resolve the second set. Thus, both the Lead Appeal and this appeal present the same dispositive legal issues concerning the application of Texas Tax Code sections 151.318 and 151.3111 to Appellee's purchases of property and the related services. The Court's resolution of the Lead Appeal will control the issues presented in this appeal.

## II.    Arguments and Authorities

Abatement is appropriate when proceedings involve the same subject matter and abatement will "conserve the parties' and judicial resources and provide for the orderly procedure in the determination of contested issues." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). Courts routinely abate appeals while a prior appeal that is dispositive of shared issues remains pending. *See, e.g., City of Austin v. Sahyouni*, No. 03-23-00416-CV, 2023 WL 5597355, at *1 (Tex. App.—Austin Aug. 30, 2023, no pet.) (granting an agreed motion to abate an appeal pending the decision in a Texas Supreme Court case that would resolve a "substantially similar and dispositive issue"); *AusPro Enters., LP v. Tex. Dep't of Transp.*, No. 03-14-00375-CV, 2015 WL 1967836, at *1 (Tex. App.—Austin Apr. 29, 2015, no pet.) (abating an appeal because a pending Supreme Court decision "could resolve many, or even possibly all, of the issues raised in this appeal").

The Lead Appeal and this appeal involve the same substantive questions. Because the Lead Appeal is fully briefed, abatement will spare the Court and the parties unnecessary duplicative briefing and record-preparation expenses and facilitate orderly, efficient resolution of all matters once a mandate is issued in the Lead Appeal. Further, abatement will not prejudice either party. Both Appellants and Appellee join in and consent to the requested relief.

## **PRAYER**

For the foregoing reasons, Appellants and Appellee respectfully request the Court enter an order:

1. abating this appeal and removing it from the Court's active docket;

2. directing the parties, within forty-five (45) days after the decision and mandate in the Lead Appeal (No. 15-24-00111-CV), to submit a joint or separate letter addressing the impact of the decision in the Lead Appeal on this appeal; and

3. stating that the Court may, on its own motion or on motion of any Party, reinstate the appeal at any time.

Dated: September 26, 2025

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

STEVEN ROBINSON
Division Chief, Tax Litigation Division

*/s/Kyle Pierce Counce*
KYLE PIERCE COUNCE
Assistant Attorney General
State Bar No. 24082862
Tax Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
512-463-3312
512-478-4013 (fax)
kyle.counce@oag.texas.gov
*Attorneys for Appellants*

JONES DAY
1221 Peachtree Street NE, Suite 400
Atlanta, Georgia 30361
Telephone: (404) 521-3939
Facsimile: (404) 581-8330


*/s/ Deborah S. Sloan*
Deborah S. Sloan
State Bar No. 00786230
JONES DAY
2727 N. Harwood Street, Suite 500
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
dsloan@jonesday.com

John M. Allan
Antoinette L. Ellison
jmallan@jonesday.com
aellison@jonesday.com
*Attorneys for Appellee*

## CERTIFICATE OF CONFERENCE

Under Texas Rule of Appellate Procedure 10.1(a)(5), I certify that on September 3, 2025, Appellants and Appellee, who are the only proper parties to this appeal, agreed to file this Joint Motion to Abate the Appeal.

/s/Kyle Pierce Counce
Kyle Pierce Counce
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Microsoft Word reports that this document contains 826 words, excluding preempted text.

/s/Kyle Pierce Counce
Kyle Pierce Counce
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, a copy of the foregoing document has been sent to the other parties and counsel, as follows:

Deborah S. Sloan
dsloan@jonesday.com
JONES DAY
2727 N. Harwood Street, Ste. 500
Dallas, Texas 75201-1515

John M. Allan
jmallan@jonesday.com
Antoinette L. Ellison
aellison@jonesday.com
JONES DAY
1221 Peachtree Street NE, Ste. 400
Atlanta, Georgia 30361
*Attorneys for Appellee*

/s/Kyle Pierce Counce
Kyle Pierce Counce
Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lynee Pearson on behalf of Kyle Counce
Bar No. 24082862
lynee.pearson@oag.texas.gov
Envelope ID: 106133659
Filing Code Description: Motion
Filing Description: 20250926 Joint Motion to Abate
Status as of 9/26/2025 2:35 PM CST

Associated Case Party: Kelly Hancock Comptroller of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle PierceCounce | | kyle.counce@oag.texas.gov | 9/26/2025 1:07:45 PM | SENT |

Associated Case Party: ChampionX, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Deborah S.Sloan | | dsloan@jonesday.com | 9/26/2025 1:07:45 PM | SENT |