Opinion issued April 8,
2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00255-CV

———————————

Raymond Washington, Appellant

V.

Jimmie Taylor, MaDDie Taylor,
and Larry Cole, Appellees



 



 

On Appeal from the 151st District
Court

Harris County, Texas



Trial Court Case No. 2006-43004

 



 

 

MEMORANDUM OPINION

 

          This appeal arises out of a dispute
over the ownership of a tract of land in the City of Houston.  Appellant Raymond Washington appeals from
interlocutory no-evidence summary judgments that denied all relief he requested
against appellee Larry Cole.  He also
appeals the trial court’s final declaratory judgment that invalidated a 1995
warranty deed, quieted title to the land in appellees Jimmy Taylor and Maddie
Taylor, and awarded attorney’s fees to Cole from Washington.

We affirm.  Washington’s
jurisdictional challenges all fail, and his remaining issues on appeal were all
waived due to Washington’s failure to preserve error in the trial court or his
failure to present adequate briefing on appeal.

Background[1]



The Taylors’ lawsuit

          Jimmy Taylor and Maddie Taylor claimed
that Larry Cole sold them a tract of land in 1999.  The purchase price was $7,028, and after all
payments were made, the Taylors claimed that Cole executed a release of the
vendor’s lien in August 2005.  When the
Taylors later tried to sell the land to another party, they claimed they
learned for the first time that they did not have good title to the land
because Cole did not have title to the land at the time he purported to sell it
to them.  As a result, in 2006 the
Taylors sued Cole for breach of warranty of title and other causes of action.

Cole’s third‑party action

Cole answered the Taylors’ lawsuit and filed a third-party action against
Raymond Washington.  Cole claimed in the third-party
action that he owned the land in the 1990s, but sold the land in 1995 to
Dorothy Sutton, Washington’s now‑deceased mother.  According to Cole, Sutton defaulted in her
payments.  In his third-party action against
Washington, Cole sought foreclosure against Washington on the vendor’s lien on
the land under the theory that Washington owned the land as Sutton’s sole heir.

In the alternative, Cole sought a declaratory judgment that his 1995 deed
to Sutton conveyed no interest in the land because in 1992 he conveyed all his
interest in the land to his mother, Mary Cole. 
Accordingly, Cole asked the trial court in the alternate for a declaratory
judgment (1) that Washington did not inherit any interest in the land through
Sutton, Washington’s deceased mother and (2) that the Taylors are the sole
owners of the land.  Finally, Cole claimed
that his mother, Mary Cole, conveyed her interest in the land to the Taylors in
October 2005.  In his answer, Cole suggested
that the only remaining controversy between the Taylors and him was the cloud
on title to the land as a result of the 1995 deed from Cole to Sutton.

Washington’s counterclaim

          Washington answered and counterclaimed
against Cole.  Washington contended he
owns the land as his deceased mother’s sole heir, pointing out that in 2006 the
probate court approved his small‑estate affidavit that listed the
land.  Washington requested $4,800,000 in
damages against Cole for, among other things, fraud, civil conspiracy,
negligence, unjust enrichment, intentional infliction of emotional distress,
extreme and outrageous conduct, and violations of the Deceptive Trade
Practices-Consumer Protection Act (DTPA). 
See Tex. Bus. & Com.
Code Ann. §§ 17.41–.63 (Vernon 2002 & Supp. 2009).

Summary-judgment motions

          Cole filed a no-evidence motion for
summary judgment on Washington’s counterclaims. 
Washington responded to Cole’s summary‑judgment motion and filed
his own summary-judgment motion against Cole. 
The trial court rendered an April 17, 2007 interlocutory summary
judgment granting Cole’s motion on all of Washington’s counterclaims except
unjust enrichment and denying all relief requested by Washington.[2]  Cole then filed a motion to modify the trial
court’s judgment.  The trial court
granted the motion to modify, granted Cole’s no-evidence motion for summary
judgment on unjust enrichment, and again denied all relief requested by Washington.

The trial

          A bench trial was conducted on March
5, 2008, at which time the Taylors and Cole appeared, but not Washington.  The trial court rendered judgment for the
Taylors, holding that the 1995 deed from Cole to Sutton was invalid and
quieting title to the land in the Taylors. 
In addition, the trial court awarded attorney’s fees to Cole from
Washington of $8,000 for trial, $4,000 for any unsuccessful appeal to this
Court, and $4,000 for any unsuccessful appeal to the Texas Supreme Court.  Washington appeals from this final judgment.

Analysis

I.                 
Jurisdictional issues

          We first consider issue 1 and portions
of issues 3 and 7 relating to jurisdiction. 
In these issues, Washington claims the trial court committed fundamental
error because Washington had no notice of the bench trial (issue 1 in part), the
trial court lacked subject-matter jurisdiction because another court had
dominant jurisdiction (issue 1 in part and issue 7 in part), and there is no
justiciable controversy between Washington and Cole (issue 3 in part and
issue 7 in part).  Even though
Washington did not preserve these issues in the trial court, we nevertheless
consider them.  Subject‑matter
jurisdiction, which includes the necessity of a justiciable controversy, may be
raised for the first time on appeal and cannot be waived by the parties.  See Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 445–47 (Tex. 1993).

Notice of trial setting

          In part of issue 1, Washington claims
that the trial court had no subject-matter jurisdiction to render its judgment
because he received no notice of the March 5, 2008 bench trial setting.  Washington’s discussion of these issues suggests
that the trial court rendered a default judgment without his knowledge, in
violation of his due-process rights.  See
Lopez v. Lopez, 757 S.W.2d 721, 722–23 (Tex. 1988) (discussing
postanswer default judgment and citing Peralta v. Heights Med. Ctr., Inc.,
485 U.S. 80, 84, 108 S. Ct. 896, 899 (1988)). 
Washington, however, does not claim he received no notice of the final
judgment.

          Washington’s notice of appeal was
filed April 8, 2008, twenty days after the March 19, 2008 final declaratory
judgment.  Washington knew about the
trial court’s judgment within the 30-day period to file a motion for new trial,
which he was required to file in order to complain on appeal that the trial
court failed to set aside a default judgment. 
See Tex. R. Civ. P. 324(b)(1)
(requiring point in motion for new trial for failure to set aside default
judgment); Tex. R. Civ. P. 329b(a)
(time to file motion for new trial). 
Because Washington did not file a motion for new trial, he has waived
his complaint that he did not receive notice of the hearing.  Tex.
R. Civ. P. 324(b)(1).

          We overrule the part of issue 1
relating to lack of notice.

Dominant jurisdiction

          Washington next claims the trial court
had no subject-matter jurisdiction because there was a prior probate proceeding
in Probate Court No. 2 of Harris County, and that court had dominant
jurisdiction.  Without reaching the
merits of whether the probate court or district court was the appropriate
forum, we note that the concept of dominant jurisdiction is not jurisdictional
in the sense of subject-matter jurisdiction. 
Gordon v. Jones, 196 S.W.3d
376, 382–83 (Tex. App.—Houston [1st Dist.] 2006, no pet.); see also Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248
(Tex. 1988) (dominant jurisdiction is question of appropriate venue based on principles
of comity, convenience, and necessity).  See generally In re United Servs. Auto. Ass’n, 53 Tex. Sup. Ct. J. 485, 488, 2010
WL 1136314, at *3 (Tex. Mar. 26, 2010) (observing that “‘[j]urisdiction . . .
is a word of many, too many, meanings’” (quoting Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 90, 118 S.
Ct. 1003, 1010 (1998)).  Dominant
jurisdiction is waivable, whereas subject-matter jurisdiction is not.  See Tex. Ass’n of Bus., 852
S.W.2d at 443–44 (“Subject matter jurisdiction is never presumed and cannot be
waived.”); Wyatt, 760 S.W.2d at 248 (holding plea to abate lawsuit due
to pendency of prior suit waived unless timely raised) (citing Cleveland v. Ward, 285 S.W. 1063, 1071–72
(Tex. 1926)). 

Washington presents no legal argument that the district court lacked
subject-matter jurisdiction; he instead argues that the dispute belonged in the
probate court because of a prior-filed proceeding.  However, because Washington did not file a
timely plea in abatement in the trial court, he has waived his complaint that
this proceeding should have been conducted in the probate court.  See Wyatt, 760 S.W.2d at 248
(requiring timely plea in abatement to enforce dominant jurisdiction). 

Lack of justiciable controversy

          Washington’s remaining jurisdictional argument
is that Cole has judicially admitted there is no justiciable controversy
between Cole and Washington.  This
alleged admission is based on Cole’s amended answer in which he pleaded in the
alternative for a declaratory judgment that Washington has no interest in the
land.  Under this argument, which the
trial court later accepted, Cole had no interest in the land in 1995 when he
purported to sell it to Washington’s mother. 
Cole argued that if he did not own the land, then he could not convey
any interest in the land to Washington’s mother and Washington could not
inherit any interest in the land from her.

          A lack of a real controversy between
parties to a lawsuit deprives a court of subject-matter jurisdiction.  See Tex. Ass’n of Bus., 852
S.W.2d at 444–47.  In Texas, the standing
doctrine requires that there be (1) a real controversy between the parties,
that (2) will be actually determined by the judicial declaration sought.  Austin
Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005); Nootsie, Ltd. v. Williamson County Appraisal
Dist., 925 S.W.2d 659, 662 (Tex. 1996); Tex.
Ass’n of Bus., 852 S.W.2d at 443–44. 
When reviewing a challenge to the trial court’s jurisdiction on grounds
of justiciability, we “construe the pleadings in favor of the plaintiff and
look to the pleader’s intent.”  Tex. Ass’n of Bus., 852 S.W.2d at 446.

In this case, a review of the pleadings demonstrates that a justiciable
controversy exists between Cole and Washington. 
Cole was sued by the Taylors for breaching the warranty of title in
Cole’s 1999 deed in which he purported to convey the land to the Taylors.  His defense to the Taylors’ lawsuit was to
acknowledge he no longer had an interest in the land and to ask the trial court
to declare that his 1995 deed to Washington’s mother is invalid.  The justiciable controversy between Cole and
Washington arose because Cole’s attempt to clear the cloud on the Taylors’
title to the land also had the effect of calling Washington’s chain of title
into question.  We also note that
Washington responded by seeking $4,800,000 in damages against Cole for, among
other things, fraud, civil conspiracy, negligence, unjust enrichment,
intentional infliction of emotional distress, extreme and outrageous conduct,
and violations of the DTPA.

          We overrule
issue 1 and portions of issues 3 and 7.

II.              
Waiver
issues

          Washington raises the following issues
related to the declaratory judgment that he did not challenge in the trial
court:

Issue 2—Res judicata
barred relitigation of the probate court’s March 22, 2006 order and
approval of a small estate distribution under Texas Probate Code section
137.  See Tex. Prob. Code Ann. § 137 (Vernon Supp. 2009).

 

Issue 3 (partial)—The
trial court erred by hearing the claims of the parties under the same case
number and should have sua sponte severed the claims.

 

Issue 4—Cole’s claim for
a “judicial foreclosure” on the 1995 warranty deed is barred by the statute of
limitations.  See Tex. Civ. Prac. & Rem. Code Ann. §
16.035(a) (Vernon 2002) (four-year statute of limitations on suit for recovery
of real property under real property lien).[3]

 

Issue 5—The trial court
erred in quieting title in a declaratory‑judgment action because a
trespass-to-try-title action is the exclusive remedy.  See Tex.
Prop. Code Ann. § 22.001 (Vernon 2002).

 

Issue 6—The trial court
erred in awarding attorney’s fees under the Uniform Declaratory Judgments Act because
attorney’s fees are not available in a trespass-to-try-title action.  See Tex.
Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2002) (authorizing
court to award attorney’s fees in declaratory-judgment actions).

 

          Texas Rule of Appellate Procedure
33.1(a) sets out the requirement for preservation of error:

As a prerequisite to
presenting a complaint for appellate review, the record must show that:   



(1) the complaint was made to
the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the
ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context; and

(B) complied with the
requirements of the Texas Rules of Civil or Criminal Evidence or the Texas
Rules of Civil or Appellate Procedure; and

 

(2) the trial court:

(A) ruled on the request,
objection, or motion, either expressly or implicitly; or

(B) refused to rule on the
request, objection, or motion, and the complaining party objected to the
refusal.

 

Washington
does not show that he objected in the trial court to any of these issues.  We recognize that Washington did not appear
at trial, but Washington has neither argued that he was prevented from raising
these complaints before trial, nor explained why he did not at a minimum file a
postjudgment objection such as a motion for new trial.

          A party must preserve error for appeal
by complaining in the trial court even if the error first occurred in the trial
court’s judgment.  See Luna v.
S. Pac. Transp. Co., 724 S.W.2d 383, 384 (Tex. 1987); Wyler Indus.
Works, Inc. v. Garcia, 999 S.W.2d 494, 504–06 (Tex. App.—El Paso 1999, no
pet.) (holding that Texas Rule of Appellate Procedure 33.1 requires
preservation of postjudgment error). 
Accordingly, we hold that Washington has waived issues 2, 4, 5, and 6,
and the portion of issue 3 relating to severance.[4]

          In the remaining part of issue 7 not
already addressed above, Washington generally claims that the trial court erred
in granting Cole’s no‑evidence motion for summary judgment and denying
his motion for summary judgment against Cole. 
In support of this contention, Washington’s brief refers to the
following evidence, without record citations: “affidavit, Order of the Probate
Court No. 2, Deed of Trust with Vendor’s Lien and Release of Lien of ABC
Bonding Company, pleadings and other referenced documents on file.”  Washington contends that this evidence should
have caused the trial court to deny Cole’s motion for summary judgment.  In addition, he contends that Cole’s
affidavit offered as summary‑judgment evidence is conclusory.

Washington neither makes any substantive argument that addresses issue 7,
nor provides any citation to authority that demonstrates that the trial court
erred in rendering the no‑evidence summary judgment.  Washington provides this Court no guidance as
to why any of the listed documents preclude summary judgment on any of his
eight causes of action, nor does he point out any material fact issue on the
elements necessary to support his causes of action.  This issue is accordingly waived to the
extent it asks for reversal on grounds that we have not addressed above.  See Tex.
R. App. P. 38.1(i) (requiring clear and concise argument for contentions
made, with appropriate citations to authority and appellate record); Saudi
v. Brieven, 176 S.W.3d 108, 120 (Tex. App.—Houston [1st Dist.] 2004, pet.
denied) (holding that appellant’s failure to cite authority and provide
analysis in initial brief waived issue on appeal).

          Accordingly, we hold that Washington
has waived issue 7, except for the jurisdictional arguments previously
discussed.

Conclusion

          We
affirm the trial court’s judgment.

 

 

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

 Panel consists of Chief Justice Radack and
Justices Bland and Massengale.











[1]              Because there is no reporter’s record, the only
evidence in the appellate record is the summary-judgment evidence.  The only summary‑judgment evidence
relevant to the declaratory judgment appears to be (1) a 1995 deed from Larry Cole
to Dorothy Sutton, (2) the 2006 small‑estate affidavit of Raymond
Washington as attempted distributee of his mother Dorothy Sutton’s estate, and (3)
the probate court’s order approving Washington’s small-estate affidavit.  See Estate of Sutton, No.
363679 (Prob. Ct. No. 2, Harris County, Tex.). 
There is no appellate record to show that any of the other deeds that
appear in the clerk’s record was admitted in evidence, and there are no
findings of fact and conclusions of law. 
Our recitation of the background “facts” is therefore limited to claims
the parties raised in their pleadings, which are not evidence.  See Laidlaw Waste Sys. (Dallas),
Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995).





[2]              Washington appealed at that time to this Court, which
dismissed the appeal for lack of jurisdiction because there was no final
judgment.  See Washington v.
Cole, No. 01-07-00379-CV, 2007 WL 3293734 (Tex. App.—Houston [1st Dist.]
Nov. 8, 2007, no. pet.) (mem. op.).  





[3]         In connection with his appellate point
that Cole’s judicial foreclosure claim was barred by limitations, Washington
also contends that he relied upon a deed of trust filed in the deed records of
Harris County, which was signed by Sutton and used as collateral to secure a
bail bond.  To the extent Washington may
have intended this argument to be a separate point of error, it is waived due
to failure to present the argument in the trial court, along with the
limitations issue which is the main focus of his issue 4.





[4]              We also note that the clerk’s record does not
demonstrate that Washington pleaded the affirmative defenses of res judicata
and limitations, as required by Texas Rule of Civil Procedure 94.