

FILED
October 7, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00303-CV
7197657
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/1/2015 9:37:11 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00303-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/1/2015 9:37:11 PM
JEFFREY D. KYLE
Clerk

**ROSE ENA CANTU**
*Appellant,*

**V.**

**SOUTHERN INSURANCE COMPANY AND STEVE DOLLERY**
*Appellees,*

Appeal from the 21st Judicial District Court, Bastrop County, Texas
Trial Court Cause No. 053-21
Hon. Carson Campbell, Presiding

**BRIEF OF APPELLANT, ROSE ENA CANTU**

M. Chad Gerke
Texas Bar No. 24027390
Robert L. Collins
Texas Bar No. 04618100
Audrey E. Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884

(713) 467-8883 Facsimile
houstonlaw2@aol.com

Christopher D. Lewis
Texas Bar No. 24032546
1721 West T.C. Jester Blvd
Houston, Texas 77008
(713) 553-4104
(713) 467-8883 Facsimile

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
Rose Ena Cantu

**Counsel for Appellant**
M. Chad Gerke
Texas Bar No. 24027390
Robert L. Collins
Texas Bar No. 04618100
Audrey E. Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com

Christopher D. Lewis
Texas Bar No. 24032546
1721 West T.C. Jester Blvd
Houston, Texas 77008
(713) 553-4104
(713) 467-8883 Facsimile

**Appellee**
Steve Dollery
Southern Insurance Company

**Counsel for Real Parties in Interest**
Ms. Catherine L. Hanna
Ms. Laura D. Tubbs
Mr. Eric S. Peabody
Hanna & Plaut, LLP
211 East Seventh Street, Ste. 600
Austin, Texas 78701

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................................*ii*

Index of Authorities ....................................................................................... *v*

Statement of the Case...................................................................................... *vi*

Issue Presented:...............................................................................................*vii*

> Whether the trial court committed reversible error when it granted Dollery's third motion for abatement when 1) Cantu's claim against Dollery was not a compulsory counterclaim; 2) granting the abatement effectively retroactively shortened the statute of limitations; and 3) and Dollery could not feasibly be joined in the previously filed suit.

Statement Regarding Oral Argument ................................................................ *vii*

Statement of Facts............................................................................................ 1

Argument and Authorities................................................................................. 4

    I.      Law of Dominant Jurisdiction............................................................ 4

    II.    Cantu's claims against Dollery are not compulsory counterclaims in the declaratory judgment action ........................................................ 7

    III.   Dollery could not feasibly be joined in the declaratory judgment action due to the expiration of the statute of limitations.................... 8

Conclusion ...................................................................................................... 9

Prayer ............................................................................................................. 9

Certificate of Service ..................................................................................... 10

Certificate of Compliance.............................................................................. 11

Certification ................................................................................................... 12

Appendix ............................................................................................................. 13

# INDEX OF AUTHORITIES

**CASES**                                                                                                      **PAGE(S)**

*Ex parte Ward*, 560 S.W.2d 660, 662 (Tex. Crim. App. 1978) ............................. 5

*Gordon v. Jones*, 196 S.W.3d 376, 382-83 (Tex. App.--Houston [1st Dist.]
2006, no pet.) ...................................................................................................... 4

*Goss v. City of Houston*, 391 S.W.3d 168, 173 (Tex. App. Houston [1st Dist.]
2012) ................................................................................................................... 5

*In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 53 Tex. Sup. Ct. J. 485, 488,
2010 Tex. LEXIS 282, 2010 WL 1136314, at *3 (Tex. 2010) ............................. 4

*Ingersoll-Rand Co. v. Valero Energy Corp.* 997 S.W.2d 203, 207
(Tex. 1999) .................................................................................................... 6, 7

*Starnes v. Holloway*, 779 S.W.2d 86, 94 (Tex.App.–Dallas 1989,
writ denied) .................................................................................................... 5, 7

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90, 118 S. Ct. 1003,
140 L. Ed. 2d 210 (1998) ................................................................................... 4

*Tex. Ass'n of Bus.*v. *Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) ............. 4

*V.D. Anderson Co. v. Young*, 128 Tex. 631, 636-637 (Tex. 1937) ........................ 5

*Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988) .................. 4, 5, 6

# STATEMENT OF THE CASE

*Nature of the underlying proceeding:* The lawsuit giving rise to this appeal involves the claims of Rose Ena Cantu ("Cantu") against Southern Insurance Company ("Southern") and Steve Dollery stemming from a home insurance claim for damage resulting from the 2011 Bastrop County wildfires. Cantu originally filed suit in Bastrop district court, but has nonsuited and re-filed in a multi-Plaintiff case in Dallas County. Southern invoked the appraisal provision of its policy and the parties completed appraisal. . Following Cantu's nonsuit. but before Cantu had refiled in Dallas County, Southern filed a declaratory judgment action in the 335th District Court in Bastrop on the contract defense of payment of the appraisal. Southern and Dollery filed a motion to abate the case in Dallas filed by Cantu in favor of the suit filed by Southern. The Dallas Court granted the motion for Southern, but denied it for Dollery, thereby keeping Cantu's claims against Dollery in Dallas County. The Dallas Court granted a motion to transfer the remaining Plaintiffs in the Dallas suit to the 21st District Court in Bastrop. Dollery again sought for abatement of Cantu's claims in favor of Southern's Declaratory Judgment in the 335th from the Dallas Court. The Court denied the abatement. The declaratory judgment action in the 335th resolved and moved into appeal. After the resolution of the action in the 335th, Dollery once again moved for

abatement and this time for dismissal, this time in the 21st District Court in Bastrop, based on the inability for Dollery to be added to the 335th due to the resolution of the trial court case. The 21st District Court granted the motion. The dismissal order is the subject of this appeal.

*Action complained of:*  The dismissal of Cantu's claims against Dollery based on the granting of his third motion to abate after the first two were denied on the same grounds.

## ISSUE PRESENTED

Whether the trial court committed reversible error when it granted Dollery's third motion for abatement when 1) Cantu's claim against Dollery was not a compulsory counterclaim; 2) granting the abatement effectively retroactively shortened the statute of limitations; and 3) and Dollery could not feasibly be joined in the previously filed suit.

## STATEMENT REGARDING ORAL ARGUMENT

Appellants believe that oral argument is necessary. Appellants request oral argument in this matter so that Appellants may address any questions or concerns that this Court may have with regard to this original proceeding and the underlying lawsuit.

TO THE HONORABLE THIRTEENTH COURT OF APPEALS:

COMES NOW, Rose Ena Cantu, and would respectfully show the Court as follows:

**STATEMENT OF FACTS**

This appeal arises out of the granting of a motion to dismiss based on the granting of Dollery's third motion to abate Cantu's claims against him. CR 666. The lawsuit giving rise to this appeal involves the claims of Rose Ena Cantu ("Cantu") against Southern Insurance Company ("Southern") for breach of contract and DTPA/Insurance Code violations and Steve Dollery for breach of his duties under his licensed stemming from a home insurance claim for damage resulting from the 2011 Bastrop County wildfires.  CR7-212.

Cantu originally filed suit in Bastrop district court against: Southern Insurance Company, for their breach of the insurance contract and their violations of the DTPA and Insurance Code; and Steve Dollery for his failure to conduct his duties as a licensed adjuster and his violations of the DTPA and Insurance Code. Southern invoked the appraisal provision of its policy and the parties completed appraisal. *Id.*

After the appraisal, Cantu filed suit in Dallas as part of a multi-plaintiff case. Cantu filed the same claims against Dollery as she had in Bastrop, but filed claims against Southern for their pre-appraisal conduct. *Id.* Also following the appraisal,

and unbeknownst to Cantu, Southern filed a declaratory judgment action in Dallas in the 335th District Court stating that: 1) the appraisal award was binding as to the amount of the loss; 2) Southern's payment of the appraisal award fulfilled its obligations under the insurance contract; and 3) because Southern was not in breach of the insurance contract, they were necessarily also not in violation of the DTPA and Insurance Code. Tab 1, Declaratory Judgment Action. The Declaratory Judgment action did not seek any judicial findings related to the inspection conducted by Dollery on Cantu's residence, Dollery's duties as an adjuster, or Dollery's violations of the DTPA. Dollery was not a party to the Declaratory Judgment action. *Id.*

After filing suit and requesting service in Dallas, Cantu was served with the Declaratory Judgment action filed by Southern. At the time that Cantu filed suit, Steve Dollery was not, and has not since been, a party to any other action involving Cantu in any Court. Dollery was served with Cantu's action in Dallas prior to the time Cantu timely answered the in the Declaratory Judgment action. *Id.* CR7-212.

After the statute of limitations passed on Cantu's claims against Dollery, Southern and Dollery filed a motion to severe and abate the case in Dallas filed by Cantu in favor of the declaratory judgment filed by Southern. CR 216-220. Cantu argued, among other things, that her claims against Dollery were distinct from the declaratory judgment because the declaratory judgment was based on a contract

2

defense, while Cantu's claims against Dollery were based on his personal liability under his license for actions he personally took. Cantu explained that Dollery was not a party to the contract, was not a necessary party in the declaratory judgment action, and that the statute of limitations prevents Dollery from being added to the Declaratory Judgment action. Tab 2, Cantu's Response to Defendants' Motion.

On November 5, 2013, the Dallas Court severed Cantu's claims against Steve Dollery and Cantu's claims against Southern Insurance Company from each other and from the claims brought by the other Plaintiffs. After the severance, but before Cantu sought a new cause number, the Dallas court transferred the remaining Plaintiffs claims to the 21st District Court in Bastrop. CR221-327. The Dallas Court abated the claims against Southern Insurance based on the dominant jurisdiction of the Bastrop Court for the Declaratory Judgment action. CR 659. The Dallas Court did not abate Cantu's claims against Steve Dollery. *Id.* After Cantu sought the deposition of Steve Dollery, Dollery filed a motion to re-urge his Dominant Jurisdiction argument. CR221-327. He asserted the same grounds previously discussed and added the argument that the case had been transferred to the 21st District Court because it was transferred before the filing fee was paid. *Id.*

The Dallas Court abated the case in favor of the 21st District Court, but not in favor of the Declaratory Judgment action. The declaratory judgment action in the 335th resolved and moved into appeal. After the resolution of the action in the

335th, Dollery once again moved for abatement based on the same dominant jurisdiction argument that he had presented twice before. This time, the 21st District Court granted the motion to abate and, because the declaratory judgment action was in appeal and Dollery couldn't be added, dismissed Cantu's claims against Dollery. CR 666.

## ARGUMENT AND AUTHORITIES

### I.  The Law of Dominant Jurisdiction

Despite its name, "dominant jurisdiction" is not about jurisdiction at all; it provides principles related to venue. *Gordon v. Jones*, 196 S.W.3d 376, 382-83 (Tex. App.--Houston [1st Dist.] 2006, no pet.)("[W]e note that the concept of dominant jurisdiction is not jurisdictional in the sense of subject-matter jurisdiction."); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988) (Dominant jurisdiction is waivable, whereas subject-matter jurisdiction is not.) *Tex. Ass'n of Bus*.v. *Texas Air Control Bd.*, 852 S.W.2d at 443-44; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90, 118 S. Ct. 1003, 1010, 140 L. Ed. 2d 210 (1998) ("Subject matter jurisdiction is never presumed and cannot be waived."). Dominant jurisdiction is question of appropriate venue based on principles of comity, convenience, and necessity. *Id.;* See generally *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 53 Tex. Sup. Ct. J. 485, 488, 2010 Tex. LEXIS 282, 2010 WL 1136314, at *3 (Tex. 2010). The dominant-jurisdiction rule

4

seeks to prevent the filing of successive lawsuits concerning the same subject matter by the same parties already involved. *Starnes v. Holloway*, 779 S.W.2d 86, 94 (Tex.App.–Dallas 1989, writ denied).

When deciding whether or not to grant a plea in abatement on the ground of dominant jurisdiction, courts make two determinations: 1) does dominant jurisdiction exist in another court; and 2) does an exception to dominant jurisdiction apply. *Wyatt v. Shaw*, 760 S.W.2d 245, 247 (Tex. 1988); *V.D. Anderson Co. v. Young*, 128 Tex. 631, 636-637 (Tex. 1937).

Dominant Jurisdiction exists in another court if there is an inherent interrelationship of subject matter between the lawsuits and the other suit was filed first. *Wyatt v. Shaw*, 760 S.W.2d 245, 247 (Tex. 1988). An inherent interrelationship is identified by looking to the rules governing persons to be joined, if feasible, and the compulsory counterclaim rule.

*Regarding the rules governing persons to be joined if feasible*: the statute of limitations is relevant to the determination of jurisdiction for the court. *Ex parte Ward*, 560 S.W.2d 660, 662 (Tex. Crim. App. 1978) (We hold that the indictment shows on its face that it is barred by limitation. The indictment is thus void and provides the trial court with no jurisdiction over the appellant); *Goss v. City of Houston*, 391 S.W.3d 168, 173 (Tex. App. Houston 1st Dist. 2012) (holding that statute of limitations is jurisdictional in a suit against a governmental entity and

failure to comply with jurisdictional requirement deprived court of power to act). The statute of limitations for actions against an insurance adjuster for failure to fulfill duties as a licensed adjuster and for violations of the DTPA and Insurance Code is two years from the time the actions made basis of the suit occurred. Tex. Bus. & Com. Code 17.565.

*Regarding the compulsory counterclaim rule:* The Supreme Court of Texas explained that "a counterclaim is compulsory if: (1) it is within the jurisdiction of the court; (2*) it is not at the time of filing the answer the subject of a pending action;* (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d at 247; see also *Ingersoll-Rand Co. v. Valero Energy Corp.* 997 S.W.2d 203, 207 (Tex. 1999).

The three exceptions to dominant jurisdiction, once established are: (1) Conduct by a party that estops him from asserting prior active jurisdiction; (2) lack of persons to be joined if feasible, or the power to bring them before the court; and (3) lack of intent to prosecute the first lawsuit. *Wyatt*, 760 S.W.2d at 248.

**II.** **Cantu's claims against Dollery were not compulsory counterclaims in the declaratory judgment action.**

In his motion to abate and two subsequent motions to reconsider, Dollery argued that a declaratory judgment action filed by Southern Insurance Company over a contract defense has the power to deprive the Dallas and Bastrop Courts of jurisdiction to hear claims regarding the pre-appraisal conduct of Steve Dollery. However, the Cantu's claims against Dollery were not compulsory counter-claims in the Declaratory Judgment action.

The appellate court in *Starnes* articulates and requires a right Defendant Dollery cannot claim: Dollery is not a party to the declaratory judgment action, he was not a party to the contract that was the subject of the declaratory judgment action, he is not in jeopardy of liability in the declaratory judgment action, and he cannot be bound by the declaratory judgment action. Dollery's obligation to Cantu turns on his own personal conduct undertaken under his own license from the Texas Department of Insurance, and statues that regulate his conduct, rather than the obligations of Southern under its contract with Cantu.

Additionally, "[A] counterclaim is compulsory only if … it is not at the time of filing the answer the subject of a pending action[.]" *Ingersoll-Rand Co. v. Valero Energy Corp*. 997 S.W.2d 203, 207 (Tex. 1999). When an Answer was first due in the Declaratory Judgment action, Cantu's case against Dollery was not

only filed, but service had been effected on Dollery. Cantu had thus successfully sued Dollery in Dallas prior the answer in Declaratory Judgment action.

## III. Dollery could not feasibly be joined in the declaratory judgment action due to the expiration of the statute of limitations.

Dollery cannot be a "person to be joined if feasible" in the declaratory judgment action if the only action available to the 335th District Court is to dismiss all claims against him under a statute of limitations defense, which Defendants made a point of refusing to waive when asked about it in open court last year. Nothing in *Wyatt v. Shaw* requires a futile transfer. Moreover, the posture of the case in Bastrop County does not allow the addition of Dollery: a final judgment in that case is on appeal to the Third Court of Appeals.

Cantu filed suit and served Dollery before the statute of limitations ran on her claims against him. By the time that Dollery filed his first motion to abate, the statute of limitations had run on Cantu's claims against him. Dollery sought abatement, not so that the claims against him could proceed in a different court, but so that the claims against him would be dismissed in a different court. Abatement in this context, effectively retroactively, shortens the statute of limitations and bars Cantu's otherwise properly filed claims.

## CONCLUSION

The 335th District Court did not have dominant jurisdiction over Cantu's claims against Dollery because Dollery's claims are not a compulsory counterclaim due to Dollery's lack of connection to the legal remedies sought in the Declaratory Judgment action and the fact that the case against him was pending at the time the answer was due in the declaratory judgment action. Additionally, Cantu's claims against Dollery were barred by the statute of limitations by the time of the abatement action which effectively retroactively shortens the statute of limitations and prevents Dollery from being feasibly joined to the declaratory judgment action.

## PRAYER

Cantu prays this Court will reverse the order entered by the 21st District Court dismissing Cantu's claims against Dollery and remand the cause back to the 21st District Court to proceed to trial.

Respectfully submitted,

M. Chad Gerke
Texas Bar No. 24027390
Robert L. Collins
Texas Bar No. 04618100
Audrey E. Guthrie
Texas Bar No. 24083116
P.O. Box 7726

9

Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com

Christopher D. Lewis
Texas Bar No. 24032546
1721 West T.C. Jester Blvd
Houston, Texas 77008
(713) 553-4104
(713) 467-8883 Facsimile

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, on this 1st day of October, 2015:

**Counsel for Real Parties in Interest**
Ms. Catherine L. Hanna
Ms. Laura D. Tubbs
Mr. Eric S. Peabody
Hanna & Plaut, LLP
211 East Seventh Street, Ste. 600
Austin, Texas 78701

Robert L. Collins

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 2,002 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

_____
Robert L. Collins

11

# CERTIFICATION

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this date personally came and appeared, Audrey Guthrie, who being duly sworn, on her oath deposed and stated the following:

"My name is Audrey Guthrie. I am an attorney duly licensed to practice law in the state of Texas. I am over twenty-one (21) years of age and am otherwise competent to execute this Certification.

"I am an attorney for Appellant, Rose Ena Cantu, and I have read and reviewed the foregoing appeal and concluded that every factual statement in the brief is supported by competent evidence included in the Appendix or Record.

"All the Appendices included with this Appellants' Brief are true and correct copies."

_____
Audrey Guthrie

SWORN TO AND SUBSCRIBED BEFORE ME on this ⌊S+⌋ day of October, 2015, to certify which witness by and seal of office.

GRETA J. KIRKLAND
Notary Public, State of Texas
My Commission Expires
April 29, 2017

_____
Notary Public in and for
The State of Texas

12

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

**ROSE ENA CANTU**
*Appellant,*

**V.**

**SOUTHERN INSURANCE COMPANY AND STEVE DOLLERY**
*Appellees,*

Appeal from the 21st Judicial District Court, Bastrop County, Texas
Trial Court Cause No. 053-21
Hon. Carson Campbell, Presiding

**APPENDIX**

Tab 1:      Declaratory Judgment Action

Tab 2:      Cantu's Response to Defendants' Motion To Sever

Tab 3:      Order of December 10, 2014

# TAB 1

**CLERK OF THE COURT**

Sarah Loucks, District Clerk
P.O. Box 770
804 Pecan Street
Annex Building, Lower Level
Bastrop, TX 78602

DELIVERED THIS 29 DAY OF Aug
BY _____
PROFESSIONAL CIVIL PROCESS

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To ROSE ENA CANTU
136 DAVY CROCKETT ROAD
PAIGE TX 78659
Or WHEREVER SHE MAY BE FOUND, Defendant

GREETINGS: You are commanded to appear by filing a written answer to the Petition of Petitioner at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 335th District Court of Texas, at the courthouse in BASTROP, Texas.

A copy of the Petition of the Petitioner accompanies this citation, in cause number 29,079 styled:

SOUTHERN INSURANCE COMPANYvs. ROSE ENA CANTU

filed in said court on the on this the 10th day of July, 2013

Petitioner is represented by:

ERIC S PEABODY
211 EAST SEVENTH STREET
SUITE 600
AUSTIN TX 78701

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office in Bastrop, Texas, this the 10th day of July, 2013

Sarah Loucks
District Clerk, Bastrop County
P.O. Box 770
Bastrop, Texas 78602
By: _____ ,Deputy

( ) IF CHECKED, ATTACHED TO THIS CITATION IS DISCOVERY NOT FILED WITH CLERK PURSUANT TO TRCP 191.4

Cause: 29,079
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the
_____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By:_____, Deputy

**ADDRESS FOR SERVICE:**
Defendant: ROSE ENA CANTU
136 DAVY CROCKETT ROAD
PAIGE TX 78659

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m.,
and executed in _____ County, Texas by delivering to each of the within named
defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the
accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy   $_____
Total   $_____

_____, Officer
_____, County, Texas

By:_____, Deputy

_____
Affiant

**\*Rule 107 Verification:** Subscribed and sworn to by the above named _____
before me this the _____ day of _____, 20___, to certify which witness my hand and seal of
office.

_____
Person Administering Oath

CAUSE NO. 29,079

| | |
|---|---|
| SOUTHERN INSURANCE COMPANY, § | IN THE DISTRICT COURT |
| Plaintiff § | |
| v. § | |
| § | BASTROP, TEXAS |
| ROSE ENA CANTU, § | |
| Defendant § | 335th JUDICIAL DISTRICT |
| § | |

## ORIGINAL PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW Southern Insurance Company ("Southern") and files this Original Petition for Declaratory Judgment pursuant to Texas Civil Practice and Remedies Code section 37.001, *et seq.* and would respectfully show the Court the following:

### A. Discovery Control Plan

1.      Southern intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 because the limited discovery necessary to this declaratory action should be tailored to the circumstances of the specific suit.

### B. Parties

2.      Plaintiff Southern is an insurance company incorporated and domiciled in Texas. Southern does business in Bastrop County, Texas.

3.      Defendant Rose Ena Cantu is an individual who owns property and resides in Bastrop County at 136 Davy Crockett Rd., Paige, Texas 78659. Cantu may be served with process at the property or wherever she may be found. Plaintiff requests that citation be issued for this Defendant.


FILED 3:35 PM
DATE 7/10/13
Sarah Loucks
District Clerk. Bastrop County

## C. Jurisdiction

4.    The court has jurisdiction over this lawsuit under the Uniform Declaratory Judgments Act, Texas Civil Practice and Remedies Code § 37.001, *et seq.* The court has jurisdiction over Defendant because she owns property and resides in Texas and contracted for a policy of homeowners' insurance to be performed in Texas.

## D. Venue

5.    Venue is proper in this county under the general and permissive venue rules because Bastrop County is where all or a substantial part of the events giving rise to this lawsuit occurred, where Defendant Cantu resides, and where the insured property is located. Tex. Civ. Prac. & Rem. Code §§15.002(a)(1)-(2), 15.032. Cantu previously filed suit against Southern in Bastrop County and appraisal of the amount of loss was conducted under orders of a Bastrop district court.

## E. Facts

6.    Cantu owns the property located at 136 Davy Crockett Road, Paige, Texas 78659. Southern insured the property under Policy No. AMHO–000072639 for the period August 14, 2011 to August 14, 2012. Cantu reported her claim for damage to the property from the Bastrop Wildfires on or about September 4, 2011. Southern investigated the claim and issued payment to Cantu for damage to the contents, dwelling, and other structures.

7.    After issuing payment, Southern received a demand and an estimate from the attorney and public adjuster Cantu hired to represent her. Southern attempted to contact the public adjuster to discuss the differences in their estimates, but the public adjuster failed to respond to Southern's communications.

8.      Cantu filed suit against Southern in January 2012 in a suit styled Cause No. 28,370; *Rose Ena Cantu v. Southern Insurance Co., et al.*, In the 21st Judicial District Court, Bastrop County, Texas, alleging causes of action against Southern for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"). Southern answered and demanded an appraisal pursuant to the policy, which the court ordered. Southern timely paid the appraisal award issued by the appraisal panel and filed a motion for summary judgment on Cantu's causes of action, arguing that the payment of the award satisfied Southern's obligations under the policy and negated the only bases for Cantu's extra-contractual causes of action. Southern set its motion for hearing on July 17, 2013. On July 8, 2013, Cantu nonsuited her case. Cantu has not cashed the appraisal award check and disputes the validity and binding effect of the appraisal award.

### F. Cause of Action: Request for Declaratory Relief

9.      Declaratory judgment is appropriate because a justiciable controversy exists regarding the rights and status of the parties under the appraisal award and the policy of insurance. Cantu has not cashed the appraisal award check and disputes that the appraisal award is binding and that Southern's payment of the appraisal award resolves its duties to investigate and pay her claim under the policy and the Texas Insurance Code provisions that apply to first-party claims. Southern therefore requests that the Court declare that:

> (1) The appraisal award dated April 10, 2013 and signed by Southern's appraiser and the umpire is valid and binding on the parties with regard to the amount of Cantu's loss;

(2) Southern's payment of the appraisal award fulfills its obligations under the insurance policy with regard to Cantu's claim; and

(3) Southern's liability to pay Cantu's claim was not reasonably clear until the appraisal award was issued and Southern's payment was therefore prompt for purposes of Texas Insurance Code sections 541.061 and 542.060 and tie-in provisions of the DTPA.

## G. Conditions Precedent

10. All conditions precedent to Southern's claim for relief have been performed or have occurred.

## H. Prayer

For these reasons, Southern asks that Defendant Cantu be cited to appear and answer and the Court declare that: (1) the appraisal award is binding on the parties and enforceable with regard to the amount of loss; (2) Southern's payment of the full amount of the appraisal award fulfills its contractual obligations under the policy of insurance for the claim made the basis of Cantu's original suit and the appraisal award; and (3) Southern satisfied its duties under the Texas Insurance Code and tie-in provisions of the DTPA regarding the payment of Cantu's claim. In addition, Southern requests its costs of suit and attorneys' fees as permitted by the Uniform Declaratory Judgments Act, and for all other relief to which it may be entitled.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205

By: _____
       Catherine L. Hanna
       State Bar No. 08918280
       Eric S. Peabody
       State Bar No. 00789539
       Laura D. Tubbs
       State Bar No. 24052792

**ATTORNEYS FOR PLAINTIFF
SOUTHERN INSURANCE COMPANY**

TAB 2

| | | |
|---|---|---|
| ROSA ENA CANTU, ROBERTA | § | IN THE DISTRICT COURT |
| GODWARD, GAIL SCHIAVONE- | § | |
| FRANKE, WILMA MAYES, ADELE | § | |
| AND DON THORNE, and ALEXIS | § | |
| AND WILLIAM CHRISAN | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | 193rd JUDICIAL DISTRICT |
| | § | |
| SOUTHERN INSURANCE | § | |
| COMPANY, ALLSTATE TEXAS | § | |
| LLOYD'S, INC., STEVE DOLLERY, | § | |
| TY HARLAN FLETCHER, and | § | |
| JOSH RANDALL | § | |
| Defendants. | § | DALLAS COUNTY, T E X A S |

## PLAINTIFFS' RESPONSE TO DEFENDANT DOLLERY'S AND SOUTHERN'S MOTIONS TO ABATE AND SEVER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Rosa Ena Cantu, Roberta Godward, Gail Schiavone-Franke, Wilma Mayes, Adele and Don Thorne, and Alexis and William Chrisan (hereinafter "Plaintiffs") and file this Response to Defendant Dollery's and Southern's Motions to Abate and Sever, and would respectfully show the court as follows:

### I. Governing Law

Collectively, the Defendants in this case claim a right, enforceable by mandamus, to pretrial severance of every Plaintiff's claims in this case from the claims of any other Plaintiff. This is not the law of Texas. Rule 174 specifically provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
> Rule 174(a), Texas Rules of Civil Procedure

It is worth noting that the discretion of the judge regarding consolidation for discovery may be based on "common questions of law or fact", meaning that identical contracts are not necessary, nor identical damages. The standard of care owed by Defendants under §541 Tex. Ins. Code, the Deceptive Trade Practices Act, and the common law of bad-faith claims adjustment are common issues across all cases, and involve common facts regarding the extent of investigation made in connection with each claim as well as common issues of law regarding whether the provisions of §542 of the Texas Insurance Code affect whether conduct of Defendants is unconscionable under the Deceptive Trade Practice Act.

Defendants cite a Corpus Christi case that required severance for trial of several claims involving a common contract. Assuming for the sake of argument that the case is good law in Dallas County, it has no impact on the question whether the Court should require the parties to conduct one deposition of the expert witnesses common to all claims, one deposition of each of the adjusters common across multiple claims, and a common scope of discovery across claims as approved by the Court after considering the objections raised to each party's discovery requests. Rule 174 permits cases to be tried separately even when convenience or judicial efficiency supports, as here, the consolidation of certain pretrial matters:

> The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.
> Rule 174(b), Texas Rules of Civil Procedure

Whether the issues for trial turn out to raise an issue of unfairness or prejudice to Defendants in the event of a single trial may not be clear until the discovery and pretrial motions place the Court in a position of assessing the parties' claims about what will and will not be an

issue for trial. Since the Court can always order separate trials under Rule 174(b), there is no need to sever the claims at a stage that would prohibit the exercise of discretion urged by Rule 174(a). Moreover, even should the Court agree that severance is proper before trial, there is no reason to sever the cases without immediately entering an Order consolidating them for pretrial matters and discovery.

Common issues of law and fact predominate in these cases. Even if there is some risk that a single trial would work prejudice to a party, there is no such risk of prejudice for a single guiding hand at the pretrial phase of the claims brought herein.

## II. Common Issues

Movant Defendants assert that "[t]here are no common issues of law or fact between Plaintiff Cantu's causes of action against the SIC Defendants and the Allstate Plaintiffs' causes of action against the Allstate Defendants." Movant Defendants' Motion at p.5. Plaintiffs aver that this is not only inaccurate, but that the inaccuracy can and should be demonstrated by discovery available more efficiently here where discovery can be aggregated across all relevant claims and parties than it can be had in the six or more cases the Defendants seem to urge this Court should create even before discovery is done. Even if there exist grounds on which certain Defendants' cases should be tried separately, it is in the interest of justice and consistent with Rule 174 that they remain joined at least for the discovery and issue-dispositive motions that will inform the Court what claims and defenses will in fact be tried, which will inform the Court whether severance for trial is warranted.

Common issues of law and fact are extensive, but include at least the following:

(1)     the meaning of "smoke" under the insurance policies, each of which expressly

3

includes "smoke" as a covered peril (See Exhibits A-1, A-2, A-3, A-4, A-5, and A-6 to Plaintiff's Original Petition);

(2)     whether the meaning of "smoke" under the above-referenced insurance policies should be decided early by the Court as a matter of law, established by judicial notice in advance of trial, determined only when the parties present competing jury charges, or left undefined and given to the jury;

(3)     the meaning of the terms *loss* and *damage* in connection with covered smoke perils under each of the above-referenced policies;

(4)     whether the above-referenced policies cover the cost of remediating smoke-affected property to the state enjoyed by policyholders prior to a loss caused by smoke damage; or

(5)     the duty of an insurance adjuster under §541 of the Texas Insurance Code to conduct an appropriate investigation of a policyholder's claim in the context of a claim for a loss caused by smoke damage;

(6)     the duty of an insurance adjuster under §541 of the Texas Insurance Code to provide accurate information to a policyholder regarding the policyholder's coverage for damage caused by "smoke" in the context of a loss caused by smoke damage;

(7)     the duty of an insurer under §541 of the Texas Insurance Code to provide training and oversight to persons it designates to discharge its duty to reasonably investigate the extent of smoke damage following a claim for benefits;

4

(8)     whether the duty imposed on an adjuster under §541 is informed by the terms of the policyholder's specific contract or the policyholder's rights under §542 of the Texas Insurance Code;

(9)     whether the meaning of an "unconscionable" act or practice under the Deceptive Trade Practices Act is informed by the terms of the policyholder's specific contract or the policyholder's rights under §542 of the Texas Insurance Code;

(10)    whether the test results obtained by each of the Plaintiffs (see Exhibits B-1a through B6 to Plaintiffs' Original Petition) evidence smoke damage within the dwellings insured by the above-referenced policies;

(11)    whether the health effects reported by Plaintiffs evidence smoke damage within the dwellings insured by the above-referenced policies;

(12)    whether Defendants' financial relationships with their recommended vendors affects the scope of those claims approved for partial payment by the insurers or the fairness of the estimates for the work approved for payment by Defendants;

(13)    whether the facts developed through discovery evidence that Mr. Dollery's conduct across the insurers whose policyholders' claims he was assigned is part of a conspiracy between the himself and the involved insurers regarding the underpayment of claims and/or the non-performance of obligations owed under Texas law;

(14)    whether facts developed through discovery evidence that insurer defendants, though acting through various separate adjusters, have formed a conspiracy between themselves or between themselves and their adjusters regarding the

underpayment of claims and/or the non-performance of obligations owed under Texas law;

(15)     the applicability to adjusters of defenses available in contract but not in tort;

(16)     the locations of the fire and the locations of the smoke during and after the Bastrop County wildfires of 2011;

(17)     the extent to which smoke components are susceptible to objective analysis;

(18)     the effect of smoke components on human occupants of dwellings in which tests were taken as reflected in Exhibits B-1a through B-6 from the Original Petition, and any other testing that may be completed before the trial of this matter, and the relevance of those effects on whether property so affected has suffered "damage" from smoke components or constitutes a "loss" within the meaning of the insurance policies in Exhibits A-1, A-2, A-3, A-4, A-5, and A-6 to the Original Petition;  and

(19)     the existence of harm caused by delay in proper investigation and payment of insured policyholders' claims for smoke damage.

The similarities in the claims and defenses and the fundamental facts regarding the effects of wildfire smoke, together with the fact that the exact same witnesses will be required for parties on both sides of claims against each insurer and against Mr. Dollery, make clear that judicial efficiency and the purposes of Rule 40 and Rule 174 that the cases should remain joined at least through the discovery phase of the case.

### III. Inconsistent Results Sought In Similar Cases

Defendants' prayer for relief – which is purportedly based on a contract defense raised by

Southern in a declaratory judgment action filed before Judge Corbitt following Plaintiffs' nonsuit of the case pending before Judge Campbell – asserts that Judge Corbitt – rather than Judge Campbell – has dominant jurisdiction over the contract claims at issue between Plaintiff Cantu and Defendant Southern Insurance Co. Nothing in that case implicates the noncontractual claims pending here between Plaintiff Cantu and Defendant Steve Dollery, but Defendants' position in this case requires them to take a position diametrically opposite that taken by their same counsel in the *Barrentine* matter also pending before this Court in Cause No. DC-13-04453. In that case, counsel for Defendants urge that the Bastrop nonsuit was ineffective to close a case in which appraisal had been demanded. Here, they argue they argue that the Bastrop nonsuit was effective in a case in which appraisal had been demanded and that dominant jurisdiction exists where Defendant subsequently filed a new suit before a different Bastrop judge while no order dismissing the original case was on file. The taking by one firm of diametrically opposite positions with respect to the law is bad enough, without taking those inconsistent positions before the same judge.

That is not the end of the inconsistency, however.

The Bastrop County declaratory judgment action described by Southern seeks to enforce an "appraisal" umpired by Don Wittig. However, when Southern requested an umpire appointment in September of 2012, it was not Don Wittig who was appointed umpire. In September of 2012, Judge Flennicken appointed Claude Ducloux umpire in the Cantu claim. See Ex. B-1. It was not until Judge Flennicken was no longer on the bench that Southern obtained from the newly-sitting Judge Campbell a purported Order reciting that Don Wittig was appointed umpire in the Cantu claim. The January 2013 Order was entered with no pending motion, was

7

based on no authority, and was considered without notice to Plaintiff's counsel that the Court would even entertain an umpire removal request, much less given an opportunity to present a response. See Ex. B-2. The January Order was also entered without evidence, or a record.

Claude Ducloux was plainly appointed in the manner described in the parties' contract, and because there was never any basis to remove him, Ducloux remains the umpire. However, Judge Campbell instructed Claude Ducloux not to finish the appraisal award that was underway when Campbell executed his purported Order in January, and Ducloux accordingly stopped work on the Cantu appraisal then being completed. See Ex. B-3, ¶1.

Yet, Southern's declaratory judgment action before Corbitt, filed by the party with the duty of good faith and fair dealing in a race to the courthouse to prevent an earlier filing in Dallas County where it has its own offices, is predicated entirely on the enforcement of the "award" issued by the Campbell-appointed "umpire", despite Claude Ducloux being validly appointed by Judge Flennicken first and never having been properly removed. Although counsel for Southern has urged before this Court in the *Barrentine* matter that an appraisal is easily set aside and can be ordered re-done by a Court without any jury factfinding, these same counsel urge here that an obviously invalid "appraisal" must be held inviolable even though conducted not by the properly-appointed umpire, but by some interloper whose supposed authority to act as umpire is not based in the language of the parties' contract – or, for that matter, even any Texas law at all. Southern's novel position will fail, whether at summary judgment before Judge Corbitt or in the Court of Appeals. There is no risk that Southern's proceedings in Bastrop County will prevent this Court from entertaining the claims against Dollery for conduct that has nothing to do with the appraisal or its enforceability.

## IV. Conference

Movants' Motion includes a table that attempts to depict Plaintiffs as nonresponsive to conference requests. As explained *repeatedly* to opposing counsel, including twice in writing (see Ex. A-1 and Ex. A-2), Plaintiffs acknowledge that abatement appears appropriate at this time as applied to the claims pending against Southern Insurance Company, and have not objected to it. However, Plaintiffs disagree that the causes of action against Steve Dollery – who is sued by multiple plaintiffs, and who was sued here before any Plaintiff or counsel thereof had notice or knowledge of any action filed by Southern Insurance Co. in Bastrop County – should be abated *or* severed. No Defendant intends litigating Dollery's conduct in connection with any Plaintiff in any other forum.

The Motion of Southern Insurance Co. and Steve Dollery defines the term "Southern Insurance Parties" to mean Southern Insurance Company and Steve Dollery. Movant Defendants seek the exact same relief for both parties, even though the claims against them are legally distinct, and even though Steve Dollery has an independent duty under his license. The Texas Insurance Code violations, Deceptive Trade Practice Act violations, and bad faith torts committed by Mr. Dollery against Plaintiffs could have been brought without joining Plaintiffs' insurers, and contract defenses of Plaintiffs' insurers are without power to prevent statutory actions or tort claims against adjusters such as Mr. Dollery. Proof of the contract defenses raised by Southern Insurance in Bastrop County will be based on factors that go to the enforceability of a purported appraisal, the whole of which was conducted when Mr. Dollery's wrongful conduct had already been completed, which the appraisal had no power to cure, and for which suit was ripe independently of appraisal or its results. Instead of dividing the cases into groups based on

9

which parties violated §541 of the Texas Insurance Code and the contracts, and which parties violated only §541 and the DTPA, Defendants seek numerous cases in which a cross section of every cause of action common to all cases appears separately in each case. This isn't judicial efficiency. It is a waste of public and judicial resources.

**CONCLUSION**

This Court should not sever the cases as requested by Dollery and Southern Insurance Company. Pending the outcome of Southern's doomed declaratory action bid to support the false appraisal in Bastrop County, claims against Southern may properly be abated. However, decisions regarding the severance of any case should be postponed until the discovery all these claims have in common has been completed and the Court can make an informed decision regarding the merits of severance for trial under Rule 174.

WHEREFORE, Plaintiffs pray that Defendants' Motion be denied, or that consideration of Defendants' Motion be withheld until such time as discovery is complete and the Court is in a position to ascertain whether it is appropriate to sever any of the claims for purposes of trial.

Respectfully submitted,

_____
Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile

Marc C. Lenahan
State Bar No. 24007546
Law@Lenahan.com

10

P. Wes Black
State Bar No. 24009904
Wes@Lenahan.com
M. Nathan Barbera
State Bar No. 24006794
Nathan@Lenahan.com
Kathleen M. Kearney
State Bar No. 24053298
Kathleen@Lenahan.com
LENAHAN LAW, P.L.L.C.
2655 Villa Creek, Suite 204
Dallas, Texas 75234
214.295.1008
214.295.2664 fax
888.473.2820 toll-free
888.632.7912 toll-free fax

Christopher D. Lewis
Texas Bar No. 24032546
1721 West T.C. Jester Blvd.
Houston, Texas  77008
Telephone:  (713) 553-4104

**ATTORNEYS FOR PLAINTIFFS**

11

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of October, 2013, a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Motion to Abate and Sever was served by certified mail, return receipt requested, hand delivery, e-service and/or facsimile to:

Catherine L. Hanna
Laura D. Tubbs
Hanna & Plaut, LLP
211 East Seventh Street, Ste. 600
Austin, Texas 78701
Facsimile (512) 472-0205

Darrell S. Cockroft
Thompson, Coe, Cousins & Irons, LLP
710 Brazos, Suite 1500
Austin, Texas 78701
Facsimile  (512) 708-8777


_____
Robert L. Collins

TAB 3

CAUSE NO. 29,358

ROSE ENA CANTU, ROBERTA GODWARD, GAIL SCHIAVONE-FRANKE, WILMA MAYES, ADELE AND DON THORNE, and ALEXIS AND WILLIAM CHRISAN, §§§§§§ Plaintiffs

vs.

TEXAS SOUTHERN INSURANCE COMPANY, ALLSTATE TEXAS LLOYD'S INC., STEVE DOLLERY, TY HARLAN FLETCHER, and JOSH RANDALL, Defendants

IN THE DISTRICT COURT

21st JUDICIAL DISTRICT

BASTROP COUNTY, TEXAS



## ORDER

ON THIS DAY came on for consideration Defendant Southern Insurance Company's and Steve Dollery's Plea in Abatement, Motion to Dismiss and Motion to Sever, and this Court, having considered the motion and plea, the response, the reply, the evidence on file, and the arguments of counsel, findst hat the motion and plea should be GRANTED.

Accordingly, it is ORDERED, ADJUDGED and DECREED that Cantu's claims against Southern Insurance Company and Steve Dollery are dismissed without prejudice.

SIGNED this **10TH** day of December, 2014.

_____
JUDGE PRESIDING

I, the undersigned Clerk of District and County Court at Law Courts for Bastrop County, Texas do certify that the foregoing is a true and correct copy of the original document now on file and record in my office. WITNESS my hand and seal of said Court this ____ day of ____ 20__14
Sarah Loucks Clerk of Courts
By_____ Deputy

Scanned

FILED 10:17A M
DATE 12/10/14
Sarah Loucks
Clerk, Bastrop County